## STATE OF CONNECTICUT *v.* THOMAS LANG
### (8559)

SPALLONE, LAVERY and CRETELLA, Js.

Argued April 30—decision released September 18, 1990

*Conrad O. Seifert,* for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *John Redway,* state's attorney, and *John Cashmon,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, rendered after a trial to the court, of the crime of lobstering while his commercial fishing license was under suspension, in violation of General Statutes § 26-61 (d).[1] The defendant argued at trial that the terms of General Statutes § 26-142a (a)[2] permitted him, without license, to assist a licensed fisherman. He claims on appeal that the trial court (1) failed to reconcile the ambiguous terms of §§ 26-61 and 26-142a, (2) failed to accord proper weight to the enforcement agency's interpretation of § 26-142a, and (3) should have found that he was lawfully assisting in another's fishing operation. He also claims that § 26-61 (d) is unconstitutionally vague as applied in these circumstances. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. The defendant is a commercial fisherman with a retail lobster business supplied from his 500 registered pots in Long Island Sound. On April 17, 1989, the defendant was convicted of forty-five counts of the crime of taking undersized lobsters, and his fishing license was suspended for a period of two years.

[1] General Statutes § 26-61 provides in pertinent part: "(d) Any person who . . . engages in fishing, hunting or trapping during the period when his permit, license or registration is voided or suspended shall be fined . . . ."

[2] General Statutes § 26-142a provides in pertinent part: "(a) No person shall use or assist in using commercial fishing gear in any water of the state unless such person has been licensed by the commissioner of environmental protection to use such commercial fishing gear; except that holders of . . . a resident commerical fishing license . . . may be accompanied and assisted by persons not so licensed."

On May 13, 1989, two state conservation officers were patrolling the harbor area in the town of Westbrook when they saw the defendant's lobster boat sail into the sound with the defendant and Robert Lefebvre aboard. During the next thirty-five to forty minutes, the officers observed the men engage in lobstering activities, taking live lobsters from marked pots, baiting and then returning the pots to the water. On closer approach, the officers noted that the pots bore the defendant's registration number and were located in an area marked with the defendant's buoy colors.

On being asked for identification, Lefebvre produced a valid commerical fishing license. The defendant admitted that his license had been suspended but claimed that he was merely assisting Lefebvre. The defendant was charged with one count of lobster fishing with a suspended license, seven counts of stealing lobsters and two counts of fishing with lobster pots lacking biodegradeable escape vents.

The defendant acknowledged at trial that at the time of his arrest he was engaged in lobstering activities although his license was under suspension. He maintained, however, that his activities were lawful as authorized by § 26-142a (a) in that he was accompanying and assisting a licensed fisherman. In support of this claim, he offered evidence that, after his license was suspended, he had sought the advice of the state agency charged with enforcing the fishing laws. His wife and mother-in-law testified that they had asked an official of the department of environmental protection to explain the provisions of § 26-142a. A deputy chief law enforcement officer of the department testified that in response to this telephone request, he had quoted the statute and had explained that an assistant on a lobster boat need not secure a license.

The defendant testified that, on the basis of this information, he attempted to meet the statutory qualification of an assistant. He offered a handwritten note to the effect that he had assigned his interest in his boat and equipment to his former assistant, Lefebvre, in exchange for a share of the profits of the operation. He and Lefebvre both testified that, on the day of arrest, Lefebvre was in control of the boat and the lobstering operation while the defendant assisted him. The trial court found that the defendant was not acting as a mere assistant, but was in joint control of the boat and gear with Lefebvre. The defendant was convicted of the charge of lobstering with a suspended license and found not guilty of all other charges. This appeal followed.

The defendant's first three claims on appeal challenge the trial court's conclusion that he was not entitled to the statutory exemption of being an unlicensed assistant to a licensed fisherman. In essence, he claims that the court wrongly concluded from the evidence that he was not lawfully acting as an assistant. These claims of insufficient evidence are the "evidentiary flip side" of a claim that a statute is void for vagueness. *State v. Schriver,* 207 Conn. 456, 458 n.3, 542 A.2d 686 (1988). The defendant's last claim asks us to review the constitutionality of § 26-61 on this ground as well.

Although they were not specifically raised at trial, we will address the merits of the defendant's claims of unconstitutional vagueness because they implicate the fundamental due process right to fair warning and the record is adequate for review. See *State v. Schriver,* supra, 459. The statutes at issue here present us with a blank judicial slate; this is the first opportunity our courts have had to consider the terms of §§ 26-61 and 26-142a individually and as part of the general statutory scheme.

The defendant argues that because § 26-142a (a) allows an unlicensed assistant to accompany a licensed fisherman and § 26-61 (d) penalizes a fisherman with a suspended license for so assisting, the statutes conflict, are ambiguous and fail to provide definite guidelines for interpretation and enforcement. The allegations of unreconcilable statutory terms and vague language run as a thread through all of the defendant's claims on appeal and implicate both statutes, singly and together. Because the claims and statutes are so intertwined, we will consider the defendant's challenge to the constitutionality of his conviction under § 26-61 (d) as allegations (1) that the court was without adequate guidance in deciding that the defendant was not an assistant under the terms of § 26-142a (a), and (2) that § 26-61 (d) fails to provide fair notice that the defendant could not qualify as an unlicensed fisherman under § 26-142a (a).

I

The court had before it ample evidence from which to conclude that the defendant was not merely assisting Lefebvre but was himself in control of the lobstering activities. The arresting conservation officers testified to observing the defendant steer the vessel and operate the trawler and throttle. The defendant alone opened all the lobster traps, removed and gauged the lobsters, and determined whether each met minimum weight standards. Lefebvre remained at the stern, baiting pots and returning them to the water. Although the defendant asserted that he was acting as Lefebvre's assistant, it is evident that the court chose not to believe him. See *State* v. *Plaskonka,* 22 Conn. App. 207, 210, 577 A.2d 729 (1990). The court, therefore, reached a reasonable conclusion that the defendant was not merely assisting and accompanying Lefebvre, but "was engaged as a principal in a joint venture of commercial lobster fishing."

Further, the defendant failed to demonstrate that this conclusion was contrary to the statutory interpretation of § 26-142a made by the department of environmental protection. It is true that courts ordinarily give great deference to the construction of a statute adopted by the agency charged with its enforcement. *Southington* v. *State Board of Labor Relations,* 210 Conn. 549, 558–61, 556 A.2d 166 (1989); *State Medical Society* v. *Board of Examiners in Podiatry,* 208 Conn. 709, 717–18, 546 A.2d 830 (1988). The application of this principle depends, however, on a finding that the administrative agency had in fact interpreted the statute. No such finding exists here.

There was conflicting testimony at trial as to whether the department of environmental protection had offered its opinion that the defendant qualified as an unlicensed assistant under the terms of § 26-142a (a). The agency official who testified stated only that he had cited the text of the statute in response to a request. He did not state that he had authorized or approved the defendant's activities. The resolution of this conflict is within the exclusive province of the trier of fact. *State* v. *Martin,* 189 Conn. 1, 9, 454 A.2d 256, cert. denied, 461 U.S. 933, 103 S. Ct. 2098, 77 L. Ed. 2d 306 (1983). The court here, having failed to find an agency interpretation of the statute, was not bound to adopt the defendant's view that he relied on agency advice and received agency permission to fish as an assistant.

The defendant further claims that the court's express finding of a joint venture does not preclude a conclusion that he, nevertheless, was lawfully acting as an assistant. A central precept of the void for vagueness doctrine proscribes ad hoc subjective determinations of what conduct is permitted and what is prohibited. *State* v. *White,* 204 Conn. 410, 415, 528 A.2d 811 (1987);

*State* v. *Schriver,* supra, 460. A statute need not precisely list all affected conduct but a reasonable degree of certainty is required. *State* v. *White,* supra. We must decide whether, when applied to the particular facts at issue, the statute's definition of an assistant was vague and without standards for enforcement. See *State* v. *Schriver,* supra, 461.

We are not persuaded, under the circumstances of this case, that the defendant was without fair notice that his activities would not qualify as assisting under § 26-142a (a). Although the statute does exempt assistants from general licensing requirements without defining the term, the legislative history of the provision and the general purpose of the state's environmental statutes evince the legislature's clear desire strictly to limit this exception. See Conn. Joint Standing Committee Hearings, Environment, 1987 Sess., Pt. 2, February 11, 1987, pp. 375–83 (remarks of Senator Michael P. Meotti and Dennis DeCarli, deputy commissioner, department of environmental protection), and p. 384 (remarks of Senator George L. Gunther).[3] The license exemption was intended to allow a licensed

---

[3] During the hearings on whether to amend General Statutes § 26-142a (a) to include gill net fishermen among those required to obtain licenses, the term "assistant" was discussed. The word was determined to encompass "just someone who comes along with the person who owns the boat." On days of good fishing, a licensed fisherman may be assisted by a "buddy off the beach . . . somebody standing at the town dock—there is always an elderly gentleman there willing to help you or maybe your kids or a relative that's in for the weekend or the holiday . . . and they're allowed on the lobster boat. . . ." Conn. Joint Standing Committee Hearings, Environment, 1987 Sess., Pt. 2, February 11, 1987, p. 393 (remarks of Senator Michael P. Meotti and Nick DeGenaro, Connecticut commercial fishermen's association). The licensing exemption was not intended to encompass the owner or operator of the fishing venture. "I just want to call to your attention that the bill calls for exempting the assisting individual. It does not stop . . . the requirement that the gill netter himself that is operating the boat net be exempted from the licensure." Id., p. 377 (remarks of Senator George L. Gunther).

fisherman to take aboard unlicensed pick-up crews, relatives or weekend guests; that is, persons who, for sport or expediency, fish occasionally at the invitation of licensed fishermen. The specific and rigorous license requirements still apply to those who fish regularly and commercially, including those, like the defendant, who are in "joint ventures" with licensed fishermen.

The defendant, whose license had been suspended for numerous serious violations of state fishing laws, sought to take advantage of what he perceived to be a loophole in another fishing law. For this purpose, the defendant's wife and mother-in-law obtained a commercial fishing license for Lefebvre. The defendant then purportedly assigned his interest in his boat and equipment to Lefebvre, although there was no evidence that Lefebvre had paid any consideration for their use. The agreement to share in the operation's revenue, with the defendant paying operational expenses, implies that the men contemplated not a day's outing, but rather a long-term, ongoing arrangement. The defendant was a professional lobsterman for many years and was operating the vessel and the fishing gear on the day of his arrest. He cannot claim, under these facts, that § 26-142a (a) is so broad and vague as to encompass his activities as "assisting," or so without judicial enforcement standards that the court's refusal to find that he was assisting was arbitrary or discriminatory.

II

We next consider the defendant's claim that § 26-61 (d) is unconstitutionally vague because it neither references the license exemption of § 26-142a (a) nor clearly specifies the distinction between the prohibited conduct of fishing with a suspended license and the permitted conduct of unlicensed fishing as an assistant. A law is not constitutionally infirm if innocent acts can objectively and foreseeably be distinguished from

conduct that violates the statute. *State* v. *Schriver*, supra, 462. We do not agree with the defendant that these statutes are in conflict or that they subject innocent fishermen to criminal penalties.

As a principle of statutory construction, the component parts of a statutory scheme should be harmoniously construed. *State* v. *Dolphin*, 203 Conn. 506, 521, 525 A.2d 509 (1987). We should apply common sense in reading statutes to reach a reasonable result without thwarting their purpose. *State* v. *Chiarizio*, 8 Conn. App. 673, 682–83, 514 A.2d 370, cert. denied, 201 Conn. 809, 515 A.2d 379 (1986). In interpreting the language of § 26-142a (a), we must leave room for the meaningful operation of the sanction provided for in § 26-61. Pursuant to § 26-61 (b),[4] a fishing license shall be suspended as penalty for the violation of state or federal fishing regulations. Pursuant to § 26-61 (d), the penalty for fishing with a suspended license is a fine.

These sanctions would be meaningless and of no deterrent value where a fisherman with a suspended license, by merely changing hats from principal to assistant, could carry on in the same manner as if no suspension had occurred. Such an interpretation is unacceptable and would serve only to frustrate the purpose of the sanction. Accordingly, we conclude that one who has had his fishing license suspended can never, during the period of suspension, be classified as one "not licensed" for the purposes of the assistant exception in § 26-142a (a).

---

[4] General Statutes § 26-61 provides in pertinent part: "(b) Upon the conviction of any person for any violation of any provision of this chapter, any regulation issued by the commissioner or any regulation issued by the United States Fish and Wildlife Service . . . a license, registration or permit issued pursuant to this chapter . . . shall . . . be suspended by the commissioner [for a period to be determined in relation to the number of repeat violations]."

The suspension of a fishing license for violation of state law does not place the violator in the same position as if he had never obtained a license and never violated state law. The violation exists and the sanction imposed suspends the violator's fishing privileges. The violator is not an unlicensed person; he is a person with a suspended license and does not, therefore, come within the exemption of § 26-142a (a). That exemption, as discussed above, was intended to protect unlicensed people who may occasionally assist and accompany a licensed fisherman. The exemption was not intended to protect fishermen convicted of violating the terms of their licenses or intended to offer violators an alternative way to obtain fishing privileges. Accordingly, we find no unconstitutional vagueness in the provisions of §§ 26-61 (d) or 26-142a (a), and find no unconstitutional conflict in the statutory scheme.

The judgment is affirmed.

In this opinion the other judges concurred.