[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
In this action, the defendant is being prosecuted for offering to make home improvements without having a current certificate of registration from the commissioner of consumer protection as required by General Statutes 20-427 (b)(5). It is agreed that the defendant is a house painter and that the work he offered to perform was the painting of a house in Woodbury. The defendant contends that house-painting is not an activity encompassed in the definition of "home improvements" provided by General Statutes 20-419 (4) and also that 20-419 (4) is void for vagueness. Consequently, the defendant has moved to dismiss the prosecution.
 I.
The defendant's motion is based on Practice Book 815 (motions to dismiss in criminal cases). At the outset, the court must deal with the State's claim that the motion should be denied as untimely. Practice Book 811 requires all pretrial motions in criminal cases to be made within ten days after the first pretrial conference. The court's scheduling order required that the motion to dismiss be filed within ten days from June 23, 1991. The motion was not filed until August 21, 1992.
The court cannot disregard the motion simply because of its late filing. The defendant's contention is that he is being prosecuted for conduct that was and still is permissible. Although not explicitly stated, the thrust of the motion is to subject matter jurisdiction. An attack on subject matter jurisdiction can be made at any time and once brought to the court's attention, regardless of the form, it must be acted upon. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556-57
(1987); see also Practice Book 144, 145 (civil counterparts to 815).
 II.
General Statutes 20-419 (4), the statutory section at issue, supplies the following definition of "home improvement."
 "Home improvement includes but is not limited to, the repair, replacement, remodeling, CT Page 11250 alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation solar systems, flooring, patios, landscaping, fences, doors and windows and water-proofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars.
The section then goes on to list the activities that are not included in the definition of "home improvement." Excluded are the construction of a new home; the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; the sale of goods or services furnished for commercial or business use or for resale; the sale of appliances, such as stores, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; and any work performed by the owner on his own premises.
 III.
In construing a statute, the court seeks to ascertain the General Assembly's intent from the wordage used. Bannon v. Schwartz; 215 Conn. 633, 642 (1990); State v. Parmalee, 197 Conn. 158,161 (1985). When the language of a statute is plain and unambiguous the court should look no further for legislative guidance. Stitzer v. Rinaldi's Restaurant, 211 Conn. 116, 118
(1989). Recent cases are clear, however, that this rule applies only where the language is absolutely clear and unambiguous. State v. Cain, 223 Conn. 731, 744 (1992); Elections Review Committee of the Eighth Utilities District v. FOIC, 219 Conn. 685,692 (1991). Contrary to the assertions in the defendant's reply brief, West Virginia University Hospitals, Inc. v. Casey,111 S.Ct. 1138, 1147 (1991) supports this method of analysis. CT Page 11251
An examination of 20-419 (4) shows that the concept of "home improvement" is treated in two aspects. First is a generalized listing of acts qualified by the words "includes but is not limited to". Second is an enumeration of specific items the construction, replacement, installation of which constitutes a home improvement. House painting is not specifically mentioned in the second category and the question to be decided is whether it is includable in the first. The ambiguity that will permit resort to aids for interpreting the legislative intent can arise from the facts of the case. State v. Cain, supra. Such an ambiguity is present here.
Among the recognized aids for interpretation are the legislative history, the circumstances surrounding enactment and the purpose the statute was designed to serve. State v. Guckian,27 Conn. App. 225, 241-42 (1992). The relationship of house-painting to the statutory definition of home improvement is discussed in Marholin v. Cohen, No. 273436 (Hartford-New Britain, J.D. 1983) a decision[1] of Judge Bieluch, when he was a member of the Superior Court. Included in the opinion is an excerpt from 22 H.R. Proc. 2, 1979 Sess., p. 11646 wherein Representative Candelori, the sponsor of the Home Improvement Act, was specifically asked by Representative Traver whether house-painters were included among the persons who would be required to obtain a certificate of registration before an offer to work on a residence could be made or before work on a residence could be undertaken. Representative Candelori's response that the hypothetical housepainter would be required to register as a contractor if within the twelve months preceding his income from home improvement work exceeded $1,000.00[2]
convinced Judge Bieluch that the Home Improvement Act was intended to apply to house-painters as well as to a broad spectrum of tradespeople. "Statements made on the floor of the House, although not controlling may be judicially noticed and are a strong indication of legislative intent."[3] Elections Review Committee of the Eighth Utilities District v. F.O.I.C., supra at 695 quoting Manchester Sand Gravel Co. v. South Windsor, 203 Conn. 267, 276 (1987) Statements by the sponsor of a bill are entitled to particular weight. United Illuminating Co. v. Groppo, 220 Conn. 749, 760 n. 14 (1992); State v. Guckian, supra at 240.
Of course in determining legislative intent it is what the General Assembly said not what that body may have meant to say CT Page 11252 that is important. State v. Smith, 194 Conn. 213, 222 (1984). The court, however, finds nothing in the generalized listing of acts in 20-419 (4) that is contradictory of the explanations given by Representative Candelori. In construing statutes, words and phrases are to be interpreted according to the commonly approved usage of the language. General Statutes 1-1; Stitzer v. Rinaldi's Restaurant, supra at 118. Definitions supplied by Webster's Third New International Dictionary (Unabridged) for "improvement" are the enhancement or augmentation of value or quality and for "rehabilitation" the restoration of something damaged or deteriorated to a prior good condition or an improvement to a higher level or greater value. In the court's view a reasonable person would regard house painting as fitting into either category.
The defendant also claims that the insertion by the General Assembly in Public Act 88-269 1(4) of "or sandblasting of" into the general listing of acts found in General Statutes 20-419 (4) evinces an intent to identify specifically all regulated activities. The court disagrees. With respect to the addition of sandblasting the legislative history is unilluminating. But, in any event, Public Act 88-269 did not nullify the legislative intent in enacting the original law as explained by Representative Candelori and as reinforced by the original language in General Statutes 20-419 (4).
 IV.
In addition to claiming that house-painting is not within the purview of 20-419 (4), the defendant also argues that the section itself is vague and hence constitutionally infirm. The test for vagueness is well-known. "In order to surmount a vagueness challenge, a statute must afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited." State v. Palangio, 24 Conn. App. 300, 302 (1991). The Supreme Court of the United States has reminded us that the constitutional requirement of definitiveness applies more stringently to penal laws than to statutes that provide for civil penalties. Winters v. New York, 333 U.S. 57, 515, 68 S.Ct. 665,92 L.Ed. 840 (1948). As phrased by our Supreme Court, "a penal statute must be sufficiently definite to enable a person to know what conduct he must avoid." State v. Smith, 210 Conn. 132, 144
(1989) quoting State v. Pickering, 180 Conn. 54, 59-60 (1980).
Further, it is settled law that when First Amendment freedoms CT Page 11253 are not involved, a claim that a statute is void for vagueness is to be determined by its applicability to the particular facts presented. It is immaterial that in a speculative or hypothetical situation the validity of a statute may be questionable. State v. Smith, 210 Conn. at 144. What these statements mean is that the phrase in 20-419 (4) of "including but not limited to", which, by itself, may connote indefiniteness, is of no consequence in determining whether the statute meets the vagueness challenge. The issue is simply whether a person of ordinary intelligence would comprehend that house-painting was included in the terms "improvement" or "rehabilitation."
The court concludes that a person of ordinary intelligence would understand that improvement or rehabilitation of residential property included house-painting. Moreover it is not necessary that a statute specify all of the precise acts that are regulated or prohibited. The constitution requires that the statute provide only a reasonable degree of certainty. State v. Eason, 192 Conn. 37, 47 (1984): State v. Lang, 23 Conn. App. 272,278 (1990).
 V.
For the reasons stated herein, the defendant's motion to dismiss is denied.
BARNETT, J.