[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
The plaintiff, Josephine Rider, filed a complaint against VW Credit, Inc. (VCI), on November 18, 1994. The complaint alleges that Peter Beardsley was negligently operating a car when he collided with the vehicle being operated by the plaintiff causing her physical injury. According to the police report, Beardsley was arrested for driving with a suspended license and making a restricted turn. The car is owned by VCI, but is leased to Judith Beardsley. Under the terms of the lease, Judith Beardsley promised that she would only allow "licensed drivers" to use the car.
The plaintiff submits that Beardsley is a "licensed driver" in accordance with the terms of the lease agreement, and therefore, that VCI is liable for the damage he caused. Although the plaintiff did not specifically cite to a statute in the complaint, General Statutes § 14-154a[1] is the relevant statute. The defendant contends that it is exempt from General Statutes § 14-154a because, the vehicle was being operated at the time of the accident by an unauthorized person. The defendant filed a motion for summary judgment (#110) claiming judgment in its favor as to each count of the complaint.
"[The purpose of a] summary judgment procedure is [to] attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 582 (1969). See also Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitable, 32 Conn. App. 765, 772, 630 A.2d 624, cert denied 228 Conn. 908 (1993). "The standard of review of a trial court's decision to grant a motion for summary judgment is well established . . . by Practice Book § 384 [providing] that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
"A `genuine' issue has been variously described as a `triable,' `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Internal citations omitted.) United Oil Co. v. Urban RedevelopmentCommission, supra 158 Conn. 378. Material "has been defined CT Page 5252-WWW adequately and simply as a fact which will make a difference in the result of the case." Id., 379. Issue of fact "encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them . . . summary judgment is to be denied where there exist `genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the Court.'" (Internal citations omitted.) Id. "[T]he trial court's limited function is not to decide issues of material fact, but rather only to determine whether any exist." Nolan v. Borkowski,206 Conn. 495, 508, 538 A.2d 1031 (1988).
The defendant asserts that it is exempt from General Statutes § 14-154a because, at the time of the accident Beardsley operated the car in violation of the lease agreement. According to the lease signed by Judith Beardsley, she promised she would "only allow licensed drivers to operate the vehicle." In support of its position, the defendant cites to the Supreme Court's decision inPedevillano v. Bryon, 231 Conn. 265, 648 A.2d 873 (1994). InPedevillano, the plaintiff sought to recover damages sustained in a car accident involving a car which was owned by the defendant R Co., but leased to another individual. "The lease agreement . . . had an express provision defining who would qualify as an `authorized driver' under the lease." Id., 267. Under the terms of the lease an authorized user included the renter's spouse or an employer or co-worker if the use of the car was related to business activities. Because the driver was not included in the list of "authorized drivers" the court found that the leasing company was not liable for the damage the driver caused to the plaintiff. The court commented that "[w]e have consistently construed. [General Statutes § 14-154a] as imposing on one who rents or leases a motor vehicle to another the same liability as that of the owner, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of thecontract of rental." (Citations omitted; emphasis added.) Id., 268. Therefore, in the present case VCI would not be liable if Beardsley was not in "lawful possession" of the car.
In this case, the terms of the lease provided that only "licensed drivers" with the lessor's permission may use the car. According to the defendant, Beardsley does not qualify as a licensed driver because his license is under suspension. The defendant claims there is no "issue of fact" and offers the accident report and the motor vehicle summons and complaint as evidence in support of the claim that Beardsley's license is under CT Page 5252-XXX suspension.
However, the plaintiff points to a discrepancy between the accident report and the motor vehicle driving history listing the violations of which Beardsley was convicted. According to Beardsley's "driving history" he was convicted of violating General Statutes § 14-36a which defines the different classifications of operator's licenses. Plaintiff submits that because the defendant was convicted of driving "out of class", an offense other than driving with a suspended license, he was a "licensed driver" and was not acting in violation of the lease agreement. The plaintiff's position is that a genuine material issue of fact exists relating to whether the defendant was operating the car with a suspended license, whether he was operating the car outside of his class, and if his license was suspended whether he still qualifies as a "licensed" driver under the provision in the lease.
The plaintiff points out that General Statutes § 14-36a
pertains to operating a vehicle "out of class", but it is evident that the motor vehicle records were referring to § 14-36 which pertains to operating a vehicle without a license as the motor vehicle summons and complaint that the defendant provided in rebuttal demonstrate.
While there is a discrepancy between the accident report and the driving history, it is clear from certified copy of the information that on March 30, 1994, Beardsley pleaded guilty to operating a vehicle without a license. Therefore, no genuine issue of material fact exists regarding whether Beardsley's license was or was not suspended. In Fox v. Layden, the court found that because of the "undisputed fact that the operator was not a qualified licensed driver, in violation of the lease agreement" the defendants were entitled to summary judgment "insofar as the claim against it is based on General Statutes § 14-154a." Fox v. Layden,
Superior Court, judicial district of New Haven (Nov. 17, 1994, Gilbert, J.)
The plaintiff further contends that even if the court finds that Beardsley's license was suspended, he is still a "licensed driver" under the terms of the lease. The plaintiff cites to Statev. Lang, 23 Conn. App. 272, 280, 580 A.2d 71 (1990), for the proposition that "one who has had a fishing license suspended can never, during the period of his suspension, be classified as one `not licensed' for the purpose of the assistant exemption in § CT Page 5252-YYY26-142a(a)." (Emphasis added.) This case is distinguishable from the instant case because the Lang court was only interpreting General Statute § 26-142a(a) as it relates to a fishing license, not a motor vehicle license. The purpose of the holding in Lang was to prevent fishermen with suspended licenses from fishing under the guise of an assistant. If the court followed the holding in the Lang court, then a driver with a suspended license would still be considered a "licensed driver" for purposes of lease agreements. It does not make sense that a leasing company would want their cars driven by persons whose licenses have been suspended.
Moreover, "when a motor vehicle operator's license is suspended, it means not only that his right to operate under that license is under suspension during the licensing year, unless reinstated, but also that the privilege to be a licensed operator is suspended during the period of suspension prescribed by the statutes or properly designated by the commissioner." State v.Roy, 23 Conn. Sup. 26, 29, 176 A.2d 66 (1961), citing State v.Verville, 16 Conn. Sup. 178, 179 (1949). Following the logic of the Roy court, Beardsley does not qualify as a "licensed driver" under the terms of the lease because his license was suspended.
In conclusion, because Beardsley was driving without a valid license he was in violation of the lease agreement. Because of this violation VWI is exempt from General Statutes § 14-154a as a matter of law and is not liable for the injuries sustained by the plaintiff. Thus, the defendant VW Credit Inc.'s motion for summary judgment in its favor is granted.
So Ordered.
Dated at Stamford, Connecticut this 6th day of August, 1996.
WILLIAM BURKE LEWIS, JUDGE