STEPHANIE M. SWEDA *v*. EUGENE S. LOUGHLIN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 125489
AT NEW HAVEN

Memorandum filed December 16, 1970

*Stephen M. Sweda,* of New Haven, for the plaintiff.

*Robert K. Killian,* attorney general, and *John K. Jepson,* assistant attorney general, for the defendant Public Utilities Commission.

*John D. Fassett,* of New Haven, for the intervening defendant The United Illuminating Company.

LEVINE, J. The plaintiff has brought an action of mandamus to compel the public utilities commission, hereinafter referred to as the commission, to hold a hearing in the city of New Haven on the application of the United Illuminating Company, hereinafter referred to as the company, for a rate increase.

Her action is based on General Statutes § 16-26, which reads as follows: "HEARINGS MAY BE HELD IN LOCALITY AFFECTED. In any matter within the jurisdiction of the commission, involving rates, charges or accommodation of the public and affecting the inhabitants of any particular community in any town, the commission, upon petition of not fewer than twenty-five persons so affected, shall hold its hearings on such matter within the county where such town is located."

The plaintiff was one of more than twenty-five signers of a petition for "a public hearing on the application for a rate increase, now scheduled to be held on October 29, 1970 at Hartford, in the City of New Haven pursuant to Section 16-26 of the Connecticut General Statutes." The petition was received by the commission on October 28, 1970, one day before the commission scheduled a joint hearing on the petitions of the company, the Connecticut Light and Power Company, and the Hartford Electric Light Company. Counsel for the commission telephoned the attorney who submitted the petition and advised him to be present on October 29 to state the case for the petition and to demonstrate the validity of the signatures thereon. The petitioners' attorney advised the commission that he would not be present. On October 29, 1970, the commission denied the request of the plaintiff and the other petitioners and proceeded with its hearings at Hartford, as the plaintiff alleges in her complaint.

An order of mandamus will not issue unless (1) the party against whom the order is sought has a ministerial duty to perform, imposed by law and not involving the exercise of discretion; (2) the party applying for the order has a clear legal right to the relief; and (3) there is no other remedy. *Boyko* v. *Weiss,* 147 Conn. 183; *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 534; *State ex rel.*

*Rowell* v. *Boyle,* 115 Conn. 406, 412. The court "cannot and does not act upon a doubtful and contested right." *Boyko* v. *Weiss,* supra, 186.

The first issue raised is whether under § 16-26 the commission has a ministerial duty to perform, not involving the exercise of discretion; and this involves a question of interpretation of the statute. " 'It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447 . . . .' *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73 . . . . Where the legislative intent is clear, there is no room for statutory construction. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683 . . . ; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207 . . . . There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law. *State* v. *Jordan,* 142 Conn. 375, 378 . . . ; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 657 . . . ." *Little* v. *Ives,* 158 Conn. 452, 455; *Amsel* v. *Brooks,* 141 Conn. 288, 299. A careful reading of § 16-26 indicates plainly and without ambiguity that there are two requirements before the petition has to be granted: (1) a matter within the jurisdiction of the commission, involving rates, charges or accommodation of the public "and [2] affecting the inhabitants of any particular community in any town." The word "and" between the two requirements indicates that both are required. The application of the company, as shown by its exhibit, affected seventeen towns and cities, not the city of New Haven alone, and therefore was not governed or controlled by the second requirement.

The plaintiff's petition to the commission contained the following language, in part: "We, the undersigned . . . do hereby request the Public Utilities Commission to hold its public hearing, on U. I.'s application . . . in the City of New Haven, pursuant to Section 16-26 of the Connecticut General Statutes." Since the right given is statutory, it is axiomatic that there must be strict compliance with the statute. The right therein contained was for a hearing "within the county where such town is located," not in a specific town (or city) which the petitioner requested. The petition did not meet the statutory requirement, and while it was possible to hold the hearing in the city of New Haven, the commission was not required to do so and could hold it anywhere in New Haven County. In her petition, the plaintiff was requesting an act which the commission did not have a ministerial duty to perform.

The next issue raised is that there must be no other remedy. " 'Adequate remedy at law means a remedy vested in the complainant, to which he may at all times resort, at his own option, fully and freely, without let or hindrance.' . . . 'Any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, it must be adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved.'" *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 13. Section 16-35 of the General Statutes provides for an appeal, to the Superior Court within thirty days, by any person aggrieved by an order, authorization or decision of the commission, in any matter to which he was or ought to have been made a party. The plaintiff herein was not without another remedy; her petition alleges a denial of her request by the commission for the hearing at New Haven, and from that

denial she had a vested adequate remedy at law to which she could have resorted fully and freely without let or hindrance, a remedy that is specific in that it is adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject matter involved, i.e. her right to appeal to the Superior Court the commission's denial of her petition.

It was agreed by all parties that the matter should only be heard on the writ of mandamus, that the pleadings would be closed for that purpose, and that the temporary order of mandamus was abandoned.

For the reasons stated, the writ of mandamus is denied.