HOUSATONIC CORPORATE CENTRE ASSOCIATES LIMITED PARTNERSHIP *v.* PLANNING AND ZONING BOARD OF THE CITY OF MILFORD ET AL.
(8449)

DUPONT, C. J., DALY and LANDAU, Js.

Argued May 8—decision released September 18, 1990

*Stephen W. Studer,* with whom, on the brief, was *Warren N. Chapman,* for the appellant (plaintiff).

*Bruce L. Levin,* for the appellees (defendants).

PER CURIAM. The plaintiff filed this action on September 19, 1988, seeking a writ of mandamus, costs

and attorney's fees. The trial court denied the application. Prior to the mandamus action, the plaintiff had made written demand on the defendant planning and zoning board to grant its applications for amendment of the town zoning regulations, a zone change and certain special permits. The board rejected the demand. Pursuant to General Statutes § 8-8, the plaintiff, on June 1, 1988, appealed from the board's decision to the trial court. That administrative appeal, *Housatonic Corporate Centre Associates* v. *Planning & Zoning Board,* Superior Court, judicial district of Ansonia-Milford, Docket No. CV-88-0025621S, was pending at the time the appeal in this court from the denial of the application for a writ of mandamus was filed. On May 31, 1990, the trial court, finding that the board properly denied the applications, dismissed the administrative appeal. The plaintiff, on June 19, 1990, filed a petition for certification to appeal from that judgment with this court. We denied the petition for certification on July 11, 1990.

The plaintiff claims in this appeal from the trial court's denial of its application for a writ of mandamus that it is entitled to automatic approval of the zoning applications for which it applied because the mandatory public hearing was not timely commenced in accordance with General Statutes §§ 8-7d (a) and 8-3 (c), and that, therefore, the trial court should not have rendered judgment for the defendants. The defendants argue that the plaintiff waived any untimeliness by its conduct and written consent. The plaintiff also claims that an appeal pending in the trial court from the board's denial of the requested applications is not an adequate remedy at law.

Mandamus is an extraordinary remedy that lies only where (1) the plaintiff has a clear legal right to performance of a particular duty, (2) the defendant has

no discretion in the performance of that duty, and (3) no sufficient remedy at law exists. *Vartuli* v. *Sotire,* 192 Conn. 353, 365, 472 A.2d 336 (1984). The trial court refused to grant a writ of mandamus because it found that an adequate remedy existed in the administrative appeal from the board's decision that was then pending in the trial court.

It is now known that the pending administrative appeal was decided in favor of the board, and, therefore, that the plaintiff can never be entitled to mandamus. See *Beninato* v. *Zoning Board of Appeals,* 8 Conn. App. 556, 513 A.2d 201 (1986). No practical relief can ensue from our determination of this appeal, and, therefore, the plaintiff's appeal is rendered moot. See *Chomko* v. *Patmon,* 20 Conn. App. 159, 565 A.2d 250 (1989). We, therefore, must dismiss the appeal.

The appeal is dismissed.