DEPARTMENT OF UTILITIES OF THE CITY OF GROTON
*v.* LESLIE CAROTHERS, COMMISSIONER OF
ENVIRONMENTAL PROTECTION, ET AL.
(10215)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 4, 1991—decision released August 18, 1992

*Timothy D. Bates,* with whom, on the brief, was *Philip M. Dutton,* for the appellant (plaintiff).

*Robert B. Teitelman,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (named defendant).

*Lloyd L. Langhammer* and *Thomas B. Wilson* filed a brief for the appellee (intervening defendant town of Ledyard).

O'CONNELL, J. This is the plaintiff's appeal from the granting of the motion for summary judgment filed by the named defendant (commissioner),[1] the effect of

[1] The named defendant is the commissioner of environmental protection; the other defendants are the Ledyard town council and the Ledyard inland

which was to deny the plaintiff a writ of mandamus. Three issues are raised on appeal, namely, whether (1) the Superior Court lacked subject matter jurisdiction to issue a writ of mandamus because the plaintiff had an adequate remedy at law, (2) the Superior Court lacked subject matter jurisdiction based on the prior pending action doctrine, and (3) the public hearing "closed" within the meaning of General Statutes § 22a-373 upon the conclusion of oral argument. We affirm the judgment of the trial court.

The parties submitted a stipulation of facts to the trial court.[2] We summarize the stipulation as follows. The

wetlands and watercourses commission. The town of Ledyard subsequently filed a request for intervention, a brief in opposition and a request for oral argument. The court granted these requests.

[2] Paragraphs four through fifteen of the parties' stipulation of facts state: "4. On June 26, 1989, after hearing witnesses and taking evidence, Hearing Officer Clyde Fisher concluded the receipt of evidence. Hearing Officer Clyde Fisher stated 'in discussion with all the parties, none of them sees a need to submit proposed finding[s], conclusions of law or any supplemental statements of position so the hearing is now closing, as far as evidence is concerned and the matter is in my hands to make a proposed decision.'

"5. On July 5, 1989, the Ledyard Inland Wetlands and Watercourses Commission and Ledyard Town Council were named parties to this proceeding under the rules.

"6. On July 17, 1989, after the public hearing, Hearing Officer Clyde Fisher issued a proposed decision recommending approval of the Plaintiff's application.

"7. On July 17, 1989, Mr. David S. Knishkowy, Director of the Adjudication Unit of the Department of Environmental Protection, wrote a letter to the parties requiring them to file within fifteen (15) days of the proposed decision any briefs, exceptions or requests for oral argument in accordance with Section 22a-3a-1 (e) (9) (C) Conn. Agencies Regs.

"8. On August 1, 1989, a request for intervention was filed by the Town of Ledyard. Further, on August 1, 1989, the Town of Ledyard filed a brief in opposition to the proposed decision and took exception to the proposed decision, requesting oral argument.

"9. On August 16, 1989, request for oral argument on the proposed decision was granted. In accordance with the provisions of Section 22a-3a-1 (e) (9) (C) Conn. Agencies Regs., oral argument was scheduled for September 25, 1989.

plaintiff applied to the commissioner for a water diversion permit pursuant to the Connecticut Water Diversion Policy Act. General Statutes §§ 22a-365 to 22a-378. A public hearing on the application was held on June 26, 1989, before hearing officer Clyde Fisher. On July 17, 1989, Fisher issued a proposed decision recommending approval of the plaintiff's application. Following the issuance of this proposed decision, exceptions, objections, briefs and requests for oral argument were filed, together with the naming of additional parties and requests for intervention all in accordance with § 22a-3a-1 (e) (9) (C) of the Regulations of Connecticut State Agencies.[3] As a result of this activity, the commissioner assigned the matter for oral argument which was held on September 25, 1989. On November 21, 1989, the commissioner issued her final decision denying the plaintiff's application. The plaintiff took a timely appeal to the Superior Court from this decision. That appeal was still pending when the plaintiff brought this action for a writ of mandamus, seeking an order from the court directing the commissioner to issue the water diversion permit.

"10. On August 16, 1989, the Commissioner designated Mr. Hugo Thomas, Bureau Chief of the DEP Bureau of Environmental Services, to hear oral argument.

"11. The Town of Ledyard raised comments and concerns in its briefs submitted September 18, 1989.

"12. On September 25, 1989, the appearing parties presented their positions on the matter at oral argument.

"13. On September 25, 1989 the Town of Ledyard filed objections to the Plaintiff's brief.

"14. The Plaintiff replied to the Town of Ledyard's comments and concerns on September 29, 1989.

"15. November 21, 1989, the DEP issued its final decision denying the Plaintiff's application referred to in Paragraph 3 above."

[3] The Regulations of Connecticut State Agencies § 22a-3a-1 (e) (9) (c) provides: "A party shall submit any exception, brief or request for oral argument to the commissioner, in writing, not later than fifteen (15) days after service of the proposed decision upon said party, unless otherwise provided in the proposed decision."

The plaintiff filed a motion for summary judgment followed shortly thereafter by a motion for summary judgment filed by the commissioner. The trial court, *M. Hennessey, J.,* denied the plaintiff's motion and granted the defendant's motion for summary judgment.

As a threshold matter, we must first consider the jurisdictional issues. The basis of both issues is the plaintiff's administrative appeal from the commissioner's decision. In the trial court, the commissioner moved to dismiss the mandamus action on the jurisdictional grounds that the appeal afforded the plaintiff an adequate remedy at law, and, further, that the appeal constituted a prior pending action. The trial court, *Freed, J.,* denied the motion to dismiss. We agree with Judge Freed.

It is well settled law that a court may not entertain a mandamus action if the plaintiff has an adequate remedy at law. *Caltabiano* v. *Phillips,* 23 Conn. App. 258, 263–64, 580 A.2d 67 (1990). It is likewise well settled in Connecticut, however, that an appeal based on an administrative agency's failure to render a timely decision does not constitute an adequate remedy at law so as to bar a mandamus action. *Vartuli* v. *Sotire,* 192 Conn. 353, 366, 472 A.2d 336 (1984). The reasoning of *Vartuli* is that, although the administrative appeal would result in a review of the administrative record, it would not necessarily result in the issuance of the permit itself. Thus, because only mandamus would secure the expedient and effective remedy of compelling the issuance of the permit, the appeal does not constitute an adequate remedy at law. As stated in *Vartuli* v. *Sotire,* supra, "[a]n adequate remedy is one that 'enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed

by its nonperformance.' " Accordingly, we conclude that the appeal in this case did not constitute an adequate remedy at law.

At first glance, it also appears that the prior pending action doctrine would bar this mandamus action. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) *Halpern* v. *Board of Education,* 196 Conn. 647, 652–53, 495 A.2d 264 (1985).

The case law of this state, however, has departed from the broad principles of the prior pending case doctrine in its application to a situation involving an administrative appeal and a subsequent action seeking issuance of the extraordinary writ of mandamus. Our Supreme Court "in several cases has implicitly approved mandamus as an appropriate remedy where it is claimed that a subdivision plan has been automatically approved pursuant to § 8-26 because of the failure of a planning commission to perform its statutory duty within the prescribed time. . . . In *Vartuli* v. *Sotire,* [supra, the Supreme Court] held that the pendency of a zoning appeal, which could do no more than secure approval of the coastal site plan, which already had been approved by operation of law, did not preclude resort to the more expeditious and effective remedy of mandamus in order to vindicate the plaintiffs' right to the immediate issuance of a building permit. The situation is similar in [the case then before the Supreme Court] where the plaintiff claims that her subdivision plan has been approved pursuant to § 8-26 by

virtue of the inaction of the commission. If the plan has been approved by operation of law, as [the plaintiff] contends, her right to certification of its approval by the commission can most directly, completely and expeditiously be effectuated by mandamus." (Citations omitted; internal quotation marks omitted.) *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 680–81, 495 A.2d 268 (1985). The principle enunciated in *Merlo* is directly applicable to the present case. Accordingly, we conclude that the prior pending case doctrine is not a bar to this mandamus action and we will consider the case on its merits.

Pursuant to General Statutes § 22a-373 (a) and (d),[4] the commissioner is required to issue her decision within 120 days of the close of the hearing and failure to render a decision within 120 days shall be deemed a granting of the application. This appeal turns on our construction of the phrase "the close of the hearing."

The plaintiff claims that the 120 day period started running on June 26, 1989, when the hearing officer declared the hearing closed. Computed from June 26, the commissioner's decision would be late and, the plaintiff's application would statutorily be deemed granted. Acting on its theory that the application was thus granted by operation of law, the plaintiff brought this action to compel the commissioner to issue the diversion permit. The commissioner, on the other hand, contends that the 120 day period did not commence

---

[4] General Statutes § 22a-373 states in pertinent part: "(a) The commissioner shall, within one hundred and twenty days of the close of the hearing, make a decision either granting or denying the application as deemed complete in section 22a-371, or granting it upon such terms, limitations or conditions, including, but not limited to, provisions for monitoring, schedule of diversion, duration of permit and reporting as he deems necessary to fulfill the purposes of sections 22a-365 to 22a-378, inclusive. The commissioner shall state in full the reasons for his decision. . . .

"(d) If a decision is not made in the time required pursuant to subsection (a) of this section, the application shall be deemed granted."

until the conclusion of oral argument on September 25, 1989. If this is the correct date, the commissioner's November 21, 1989 decision was well within the statutorily mandated 120 days.[5]

The plaintiff emphasizes the declaration of hearing officer Fisher when he finished hearing witnesses and taking evidence on June 26, 1989. Fisher stated in relevant part "so the hearing is now closing, *as far as evidence is concerned* and the matter is in my hands to make a proposed decision." (Emphasis added.) He clearly and unambiguously announced only that the evidence receiving portion of the hearing was over and that the hearing would progress to the next stage, which entailed the hearing officer's preparation and submission of a proposed decision. This is consistent with what in fact transpired. Further evidence was never submitted. This did not, however, close the hearing within the meaning of § 22a-373 (a).[6]

General Statutes § 22a-372 (d) authorizes the commissioner to adopt regulations establishing rules of practice and procedure for these hearings.[7] Pursuant to this authority, the commissioner adopted regulations that expressly provide for the postevidentiary proceedings that occurred in the present case. Moreover, regulation § 22a-3a-1 (a) (5) (C) (1) expressly establishes when the record shall be deemed closed in a contested

---

[5] The fact that the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-180 (a), requires a decision within ninety days is irrelevant because the UAPA is a statute of general application to be relied on where there is not a specific statute applicable to an individual agency. As stated in *Reed* v. *Planning & Zoning Commission,* 12 Conn. App. 153, 158, 529 A.2d 1338 (1987), aff'd, 208 Conn. 431, 544 A.2d 1213 (1988), "provisions of special applicability take precedence over those of general applicability."

[6] See footnote 4, supra.

[7] General Statutes § 22a-372 (d) provides: "The commissioner shall adopt regulations in accordance with chapter 54 establishing rules of practice and procedures for hearings held pursuant to this section."

case. A contested case is defined by General Statutes § 4-166 (2) as a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." Because a hearing was in fact held in this case and because General Statutes §§ 22a-368 (b) and 22a-373 require the commissioner to determine whether the plaintiff was entitled to a water diversion permit, this case falls within the definition of a contested case. Thus, regulation § 22a-3a-1 (a) (5) (C) (1) governs the proceedings that occurred in this case. The regulation provides that the record shall be deemed closed "upon the close of oral arguments and the expiration of any time period granted by the commissioner to submit briefs or other documents . . . ."[8]

The commissioner contends that the phrases close of the record and close of the hearing are to be interpreted consistently. We agree. Our courts give great deference to the construction of a statute by the agency charged with its enforcement. *State* v. *Lang,* 23 Conn. App. 272, 277, 580 A.2d 71 (1990). Reading the statute and regulations together, and giving appropriate deference to their interpretation by the department of environmental protection, we conclude that the 120 day period for rendering the commissioner's decision began to run at the close of argument on September 25, 1989.

---

[8] The Regulations of Connecticut State Agencies § 22-3a-1 (a) (5) (C) provides: "In a contested case, the record shall be deemed closed (1) upon the close of oral arguments and the expiration of any time period granted by the commissioner to submit briefs or other documents, or (2) if after issuance of a proposed decision under subsection (e) (9) of this section no party makes a timely request for oral argument and no time period is granted to submit briefs or other documents, fifteen days after service of the proposed decision, or (3) if a hearing is held but a proposed decision is not required by section 4-179 of the general statutes, upon the close of the hearing or a reasonable time thereafter as specified by the hearing officer. In any other case, the record shall be deemed closed thirty (30) days after the receipt of a complete application by the department or publication of a notice of application, whichever is later."

This conclusion is in accord with the policy considerations that influenced our Supreme Court in *Frank* v. *Streeter,* 192 Conn. 601, 472 A.2d 1281 (1984), where the court held that the completion date of a trial occurs upon the submission of briefs to the trial court. In reaching this conclusion, the court noted that "[w]hen litigation raises difficult questions of law, a trial court is well-advised to request briefs and to defer its written decision until such time as the court has had the opportunity to deliberate and to reach a thoughtful, reasoned conclusion." Id., 605, citing the National Conference of State Judges, The State Trial Judge's Book, 194 (1969). Likewise, when posttrial submissions are requested in administrative hearings, thoughtful and documented decisions can be made only after the conclusion of oral argument and the submission of the posthearing briefs.

In *Carr* v. *Trotta,* 7 Conn. App. 272, 508 A.2d 799 (1986), this court concluded that an arbitrator had filed a timely decision when it was filed within the mandated period from the receipt of briefs, as opposed to the conclusion of receipt of evidence. This followed an identical result reached by the Supreme Court in *C. F. Wooding Co.* v. *Middletown Elk's Home Corporation,* 177 Conn. 484, 418 A.2d 904 (1979), in which the court ruled that the thirty day period for filing an arbitrator's decision began to run from the date on which briefs were actually received by the arbitrator. We are unable to discern any reasonable distinction between the duties of a decision maker following an administrative hearing, an arbitrator after an arbitration proceeding, or a judge following a trial to the court. In all of these situations, the time limit for rendering a decision should not begin to run until the presentation of all of the elements to be considered in rendering the decision is completed.

The purpose of filing briefs is to influence the decision maker in making his decision. It is not reasonable to require the decision maker to commence preparation of his decision before he has the parties' written arguments. Were the law to require a decision maker to commence preparation of his decision prior to receipt of the briefs, it would deprive the parties of the opportunity to influence the outcome.

*Frito-Lay, Inc.* v. *Planning & Zoning Commission,* 206 Conn. 554, 538 A.2d 1039 (1988), on which the plaintiff relies, is inapposite. *Frito-Lay* involved posthearing arguments that continually erupted during an unrelated zoning hearing. Nothing of the sort is present here.

The judgment is affirmed.

In this opinion the other judges concurred.