[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, James W. Greaves and Beatrice T. Greaves, filed this action on December 11, 1992 seeking a writ of mandamus ordering the defendant, Harold Maddocks, Jr., the Assessor of the Town of Morris to file with the Town Clerk a certificate as the defendant is required to do by General Statutes 12-504f and consequently taxing the subject property in accordance with its farmland classification as stated in the certificate. Prior to the mandamus action, the plaintiff appealed the defendant's denial of farmland classification pursuant to General Statutes12-107c and 12-504h. The appeal was dismissed as untimely. See Greaves v. Town of Morris, No. CV-92-0059622S.
On February 4, 1993 the defendant filed a motion to dismiss this mandamus action. The following facts are pertinent to the determination of this motion. On October 1, 1991, the plaintiffs owned three approved subdivision lots known as 69, 75 and 87 Anderson Road, Morris. The defendant assessor notified the plaintiffs of his intent to reclassify the plaintiffs' property as building lots on the revalued municipal grand list of October 1, 1991. The plaintiffs then reapplied to the defendant assessor for farmland classification pursuant to General Statutes 12-107c. Defendant assessor denied the application because of the change in use in the property, specifically, to subdivision lots, and notified the plaintiffs CT Page 3839 of his decision.
The plaintiffs then appealed to the Board of Tax Review pursuant to General Statutes 12-107c(d) and 12-111. The Board denied the plaintiffs' request to reclassify the lots as farmland, and rendered its decision on March 18, 1992. me plaintiffs then appealed to the Superior Court pursuant to General Statutes 12-118 alleging, inter alia, wrongful termination of the farmland classification, and hence, excessive valuation of the property. See Greaves, supra. On August 18, 1992 this court dismissed the First, Second and Fourth Counts as untimely filed under General Statutes12-118.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In their memorandum in support of the motion to dismiss the mandamus action, the defendant contends that the court lacks subject matter jurisdiction because the plaintiffs failed to exhaust their administrative remedies, or in the alternative, because of the plaintiffs' prior pending action. In their opposing memorandum, the plaintiffs rebut these claims, stating that they have no adequate remedy at law. Specifically, the plaintiffs claim that an administrative appeal is not a sufficient remedy. Unlike General Statutes 12-107c, 12-504f and 12-504h do not make reference to a statutory right to appeal, as do General Statutes 12-118
and 12-119. Thus, since the plaintiffs seek to have a certificate of classification filed and to be taxed in accordance therewith, an action for mandamus is appropriate.
Essentially, the plaintiffs are seeking what they were unable to achieve on appeal, the reclassification of the lots as farmland, and a reduction in the assessment of their property. However, where a plaintiff has taken an administrative appeal, he has an adequate remedy at law, and if that appeal is terminated in favor of the administrative agency, the plaintiff is barred from seeking relief by way of a writ of mandamus. Housatonic Corporate Centre Assoc. Ltd. Partnership v. Planning Zoning Board, 23 Conn. App. 256, 258, 579 A.2d 596 (1990).
The pending administrative appeal, Greaves v. Town of Morris, No. CV 92-0059622 S regarding farmland classification was dismissed as untimely. CT Page 3840 A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty v. Commission on Human Rights Opportunities, 201 Conn. 350, 514 A.2d 784
(1986). Additionally, "statutory provisions limiting time within which to take an . . . appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen v. Wilton, 5 CSCR 119 (December 18, 1989, Cioffi, J.).
Since the portion of the pending appeal regarding the denial of classification as farmland was dismissed as untimely, the appeal was terminated in favor of the Board of Tax Review. Thus, the dismissal of the plaintiffs' tax appeal has removed any basis for a writ of mandamus.
In accordance with the foregoing analysis, the motion to dismiss is granted.
PICKETT, J.