[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant City of Stamford has filed a motion (#109) to dismiss this action by the plaintiffs, Allstate Insurance Company (Allstate) and Deborah Lupo, based on the prior pending action doctrine. The city claims in its motion to dismiss that Lupo v. Baldwin, CV 93 0133166, pending in this court, seeks the same damages, is between the same parties in interest and arises from the same accident as does this action.
Allstate claims that it is bringing this action "as subrogee" of Deborah Lupo, the other plaintiff. In its amended complaint, dated September 9, 1993 and returnable June 29, 1993, Allstate alleges that it insured Lupo, that Lupo was in a motor vehicle accident on July 16, 1991, while on Town Center Exit Roadway near Tresser Boulevard in Stamford, and that the accident involved an emergency vehicle owned by the city and operated by defendant Scott Baldwin, a city employee. Plaintiff Allstate further alleges that Lupo sustained damage to her motor vehicle due to the negligent driving of Baldwin, and Allstate claims damages as reimbursement for money paid to its insured.
In Lupo v. Baldwin, which was returnable August 10, 1993, about six weeks after the instant case, Deborah Lupo refers to the same accident on the same date, and claims she received personal injuries and damage to her motor vehicle on account of Baldwin's negligent operation of the motor vehicle owned by the city. Lupo seeks monetary damages.
"Whether the ground for abatement is lack of subject matter jurisdiction or a prior pending action, Practice Book 143 applies." Conti v. Murphy, 23 Conn. App. 174, 177, 579 A.2d 576 (1990). The prior pending action doctrine has been described as a "rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Department of Utilities v. Carothers, 28 Conn. App. 674,679, 613 A.2d 316 (1992). "Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal. When two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious. To determine the applicability of the doctrine, we must examine the pleadings to ascertain whether the actions are virtually alike. Superficial differences in the parties are not enough to overcome dismissal under the prior pending action doctrine." (Citations omitted.) Gaudio v. Gaudio, 23 Conn. App. 287,295-96, 580 A.2d 1212 (1990). Moreover, superficial differences in the relief requested do not prevent the application of the doctrine, provided the ultimate goals of both cases are not dissimilar. Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93, 97, 575 A.2d 711 (1990). CT Page 9410
Although this case was brought prior in time to Lupo v. Baldwin, supra, it can nevertheless be dismissed if that is the most just and equitable result. BCBS Goshen Realty, Inc. v. Planning Zoning Commission,22 Conn. App. 407, 409, 577 A.2d 1101 (1990). Lupo's claims for personal injuries and damage to her motor vehicle will be fully and properly addressed in her suit against Baldwin, and Allstate will be entitled under the doctrine of subrogation and pursuant to General Statutes 38a-369 to be reimbursed for moneys expended on behalf of its insured, Deborah Lupo, for damage to her motor vehicle.
It thus appears that the two actions are of the same character and were brought to achieve the same goals. Accordingly, defendant Stamford's motion to dismiss the action by Allstate is granted in order to avoid multiplicity of lawsuits, while at the same time affording plaintiff Lupo in the remaining case a full opportunity to recover for her alleged personal injuries and property damage.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of November, 1993.
William B. Lewis, Judge