[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, All State Medical Gases Equipment, Inc. (All State Medical), filed a complaint in three counts against the defendants, Fairfield County Respiratory; John Zavarsky; World Medical Assoc., Inc., and Thomas Mason. Count one alleges that Fairfield County Respiratory, which has been purchased by World Medical Assoc., Inc., has breached a rental agreement with All State Medical. Count two alleges that Zavatsky personally guaranteed the debt of Fairfield County Respiratory. Count three[1] alleges that Mason worked for All State Medical and, simultaneously, worked for World Medical Assoc., Inc., and that Mason has breached the fiduciary duties that he owed to All State Medical.
Previously, co-plaintiffs Welding Equipment Supply Corp., and All State Medical Gases, Inc.[2] filed a sixteen count complaint arising out of, inter alia, Mason's alleged breach of an employment contract. This action was returnable to court on January 24, 1995. Count thirteen of that prior action alleges unfair competition and trade secret misappropriation based upon Mason's alleged contract breach. Count fourteen incorporates count thirteen in its entirety and further alleges that Mason became an officer and director of World Medical Assoc. Inc., and, simultaneously, was an officer of All State Medical and that Mason breached his fiduciary duty that he owed to All State Medical.
Mason filed a motion to dismiss the action against him on the ground that there is a prior pending action against him.
"A motion to dismiss is the appropriate vehicle for CT Page 8170 challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 142. "Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . ." (Citation omitted; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175,179, 554 A.2d 728 (1989).
Mason argues that the two actions that All State Medical has brought against him are substantially identical and that the court should dismiss the second action against him.
All State Medical's position is that the two actions are not substantially identical and, therefore, it may proceed against Mason in both suits. All State Medical contends that the nub of the first action is Mason's breach of his employment contract with it. It further contends that in contrast to the first action, the thrust of the second action is the breach of a rental agreement.
"A party may use a motion to dismiss an action on the ground of a prior pending action. Halpern v. Board of Education,196 Conn. 647, 651-52, 495 A.2d 264 (1985). "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Department of Utilities v. Carothers,28 Conn. App. 674, 679, 613 A.2d 316 (1992). "The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues." Conti v. Murphy, 23 Conn. App. 174,178, 579 A.2d 576 (1990). A court "must examine the pleadings to ascertain whether the actions are virtually alike; . . . that is, whether upon examination, the pleading reveals that the party seeks to obtain the same end or object . . . and to adjudicate the same underlying rights." (Citations omitted, internal quotation marks omitted.) NorthernHomes Distributors, Inc. v. Grosch, 22 Conn. App. 93, 96,575 A.2d 711 (1990).
In count one and count two of this action, all State Medical CT Page 8171 is attempting to recover for a breach of a rental agreement. Although count three incorporates the first count in its entirety, when read in the light most favorable to All State Medical, count three fails to allege any relationship between the alleged breach of the rental agreement and Mason's alleged breach of fiduciary duty. The purpose of count three is distinct from the purpose of the other two counts in that it alleges a breach of fiduciary duty by Mason, as does count fourteen of the prior action. The pleadings thus reveal that the purpose of the actions alleged against Mason are similar.
The court, therefore, grants Mason's motion to dismiss count three, the only count that is alleged against him, on the ground that a prior pending action bars this action.
D'ANDREA, J.