[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Daly Electrical Contractor, Inc., has sued the defendants, Lorinda Conte and Nat Conte, for their alleged "negligence, carelessness and recklessness" in instituting a law suit against the plaintiff in United States District Court for Connecticut. The plaintiff alleges that: the defendants had no basis "in law or fact" for suing it; the defendants knew or should have known that the plaintiff was not a proper party in that suit; the defendants failed to undertake a proper investigation; and they utilized "unreliable information" in bringing the federal action. The plaintiff claims damages based on the necessity of hiring an attorney to defend itself in that suit.
The defendants have filed a motion (#106) to dismiss based on three grounds: (1) there is no long arm jurisdiction over the defendants, who reside in New York; (2) there is a prior pending action; and (3) the plaintiff's complaint sounds in vexatious litigation, but the underlying action is still pending.[1]
The plaintiff responded to the motion to dismiss by arguing that this court has jurisdiction over the defendants pursuant to General Statutes § 52-59b because the defendants committed a tort in Connecticut when they filed the federal lawsuit. The plaintiff argues that the prior pending action doctrine does not CT Page 11574 apply because the suit by the Contes in federal court claiming negligence in connection with electrical work performed by the plaintiff, and the present case, are entirely different. In addition, the plaintiff claims that its suit is based on negligence, not vexatious litigation, and therefore one need not assert a successful conclusion to the underlying suit.
According to Practice Book § 143, a motion to dismiss is used to assert that a court lacks jurisdiction over the person or the subject matter. Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985).
General Statutes § 52-59b states that "a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent . . . commits a tortious act within the state[.] . . ." In the present case, the plaintiff alleges that the defendants committed a tortious act in this state by bringing a suit in the federal court. Therefore, this court may properly assert its long arm jurisdiction over the defendants.
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction."Department of Utilities v. Carothers, 28 Conn. App. 674, 679,613 A.2d 316 (1992). See Halpern v. Board of Education, supra,196 Conn. 652-53. Therefore, in order for the prior pending case doctrine to apply, the parties and issues must be "virtually alike," and both suits must be brought in the same jurisdiction.
The prior pending case doctrine does not apply to the present case for two reasons. First, the pending actions are dissimilar. Second, the actions were brought in different jurisdictions. Specifically, the first action is pending in a federal court, while this case, obviously, is a state action. CT Page 11575
The plaintiff argues in response to the third ground for the motion to dismiss that its suit is not framed in terms of vexatious litigation. While it is true that the allegations of the complaint refer specifically to negligence, vexatious litigation is clearly the gravamen of the complaint.
"[A] claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor."Zeller v. Consolini, 235 Conn. 417, 424, 666 A.2d 64 (1995). In the present case, the plaintiff has not claimed and cannot claim a successful conclusion to the federal litigation because this litigation is still pending. This concern, however, is not addressed properly by a motion to dismiss. Rather, the motion to strike is the proper procedural vehicle by which to test the legal sufficiency of a complaint. See Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The plaintiff's objections to the defendants' motion to dismiss on the first two grounds are sustained. The court has personal jurisdiction by virtue of the long arm statute and the prior pending action doctrine is inapplicable to the present case. The third ground for dismissal should be the subject of a motion to strike.
The defendant's motion to dismiss based on a lack of personal and subject matter jurisdiction is denied.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of November, 1997.
William B. Lewis, Judge