[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #101
This is a Complaint in two counts against the Civil Service Commission of the City of Waterbury ("Commission"), seeking in Count One review under General Statutes § 7-422 of the Commission's decision not to renew Plaintiff's employment contract, and in Count Two a writ of mandamus directing the Commission to reinstate Plaintiff to his former position. The Commission filed this Motion to Dismiss as to the Complaint as a whole but specifically as to Count Two. The Court will consider the Motion as it relates to the entire Complaint.
The parties agree that Count One constitutes an appeal brought under General Statutes § 7-422. This statute provides for judicial review of the Commission's final decision if an appeal is filed within ninety days of the date the decision is rendered, which the Court finds was done in this case. Accordingly, the Motion to Dismiss with respect to Count One is denied. CT Page 6587
There is merit to the Commission's claim that the Second Count should be dismissed. "It is well settled that a court may not entertain a mandamus action if the plaintiff has an adequate remedy at law." Department of Utilities v. Carothers,28 Conn. App. 674, 678, 613 A.2d 316 (1992). A "[m]andamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law."Stratford v. State Board of Mediation Arbitration,239 Conn. 32, 44, 681 A.2d 281 (1996), citing Vartuli v. Sotire,192 Conn. 353, 365, 472 A.2d 336 (1984). The administrative appeal is in fact the adequate remedy at law. See Housatonic CorporateCentre Associates v. Planning Zoning Board, 23 Conn. App. 256,258, 579 A.2d 596 (1990); Allied Plywood, Inc. v. Planning ZoningCommission, 2 Conn. App. 506, 509-10, 480 A.2d 584, cert. denied, 194 Conn. 808, 483 A.2d 612 (1984);Sweda v. Loughlin, 29 Conn. Sup. 149, 276 A.2d 296 (1970). Accordingly, Count Two of the Complaint is dismissed.
The Motion to Dismiss Count One is denied; the Motion is granted as to Count Two.
PELLEGRINO, (J)