[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff seeks an order of mandamus, specifically directing Frank Gargiulo, Zoning Enforcement Officer of the defendant city, to respond to their "request for relief and state CT Page 16910 whether or not the use of the plaintiffs real property was entitled to "grandfather" status, as that status pertains to the operation of a "flea market." The city has counter-claimed, seeking injunctive relief and "statutory civil penalty."
A statement of the events leading up to this suit is necessary for an understanding of the arguments of the parties.
 FACTS
On or about September 1, 1998, the defendants served the plaintiffs with a cease and desist order aimed at terminating the use of the plaintiffs' property at 540-580 Ella T. Grasso Boulevard by outdoor vendors. The plaintiff did not appeal that order nor did they obey it.
The plaintiff, instead, requested a determination from the defendants as to whether or not said property enjoyed "grandfather" status in its use by outdoor vendors.
The defendant Gargiulo testified at trial that he had considered that question prior to issuing the cease and desist order of September 1, 1998. Nevertheless, the defendant agreed to meet with the plaintiff in November of 1998. Mr. Gargioulo testified that no documentary evidence was produced at this meeting to warrant rescinding the order.
By letter dated December 14, 1998 (exhibit C), the city's Assistant Corporation Counsel advised counsel for the plaintiffs, in pertinent part, as follows:
"Furthermore, Mr. Viani's meeting with Frank Gargiulo, Zoning Administrator, on November 25, 1998 failed to produce any evidence that would compel the city of New Haven to rescind the order. Accordingly, it is unnecessary for Mr. Gargiulo to make any statements as to the issue of "grandfathered" for outdoor vendors at 540 Ella T. Grasso Boulevard."
 DISCUSSION I
The defendants argue that the plaintiff failed to make out a prima facie case in that they did not establish that they have a clear legal right to have the defendant Gargiulo perform the duty CT Page 16911 requested, that the defendants have no discretion with respect to performing that duty, and the plaintiffs have no adequate remedy at law. See Hennessey v. Bridgeport, 213 Conn. 656, 659 (1990).
 A
The plaintiffs have offered no evidence nor legal theory upon which to base a claim that Mr. Gargiulo is obligated to render advisory opinions or preliminary rulings. Further, the very information they seek is contained in Exhibit C quoted above and in Mr. Gargiulo's testimony. It is also encompassed by and in the cease and desist order. Greenwich v. Kristoff, 180 Conn. 575, 578
(1980). Finally, a court will not order the performance of a needless or nugatory act.
 B
It is basic that to obtain an order of mandamus, the movant must show that the person to whom the proposed order is directed has no discretion with respect to the performance of the duty involved.
The plaintiff failed to accomplish this, but the fact is that the duty requested to be performed has been incorporated into the cease and desist order and has also been communicated to the plaintiffs.
 C.
The defendants also argue that the plaintiffs have not established that they have no adequate remedy at law. (Hennessey, supra, at 659). Actually, this issue was ignored by the plaintiffs. The court notes that having failed to exercise their appellate right as to the September 1st order, the plaintiffs will not have achieved any "remedy" if Mr. Gargiulo were to repeat to them what he has concluded and what they already know.
In a supplement to their trial memorandum, the plaintiffs argue that the defendants have not suggested other remedies available to them. While it is neither the defendants nor the courts obligation to do so, avenues of recourse available in the zoning area included an application for a zone change, requests for a special exception or a variance, and a re-application on the strength of additional evidence or changed circumstances. CT Page 16912
The plaintiffs' reliance on Department of Utilities v.Carothers, 28 Conn. App. 674 (1992) is misplaced. In that case the mandamus was addressed to the plaintiffs right to the issuance of a building permit. This was not a duty to be performed at the discretion of the defendant, but one he was obligated to perform.
 II
The thrust of the plaintiffs' argument in their memorandum is that the defendant Gargiulo, as the zoning enforcement officer, must act in granting or denying their "application."
The patent weakness to this argument is that there is no "application" pending anywhere, save what have been described as "requests" of Mr. Gargiulo to meet with the plaintiffs and requests by plaintiffs' counsel to consider "grandfather" status for the parcel in question.
There is no present proceeding and no application pending to which this court could direct the defendants to schedule, hear and decide a validly raised zoning issue.
The plaintiffs persist in urging a ruling either way, while they have had an adverse ruling since September 1, 1998. Adopting the plaintiffs' interpretation, they had still another ruling in Exhibit C, dated December 14, 1998 in the defendants' reiteration of the basis for the cease and desist order.
The plaintiffs' reliance on the informal meeting of November 1998 as though it were a hearing on a zoning request is specious at best. This was not an occasion upon which the defendants attempted to "control the administrative and judicial process." (Brief pg. 10). What the plaintiffs are suggesting is that the meeting in a law office requested by them to give them a chance to explain their "grandfather" rights was a hearing from which they are entitled to appeal.
This court knows of no zoning application process which can proceed legally without written filing, legal notices, public hearing and discussion.
This proposition must be rejected out of hand.
 III CT Page 16913
It is the conclusion of the court that the petition should be denied by reason of the failure to make out a prima facie case and because the relief requested cannot be granted by the court, all as noted above.
 IV
The court rejects the plaintiff's argument in opposition to the defendants' counter-claim for an injunction against continued violations of the cease and desist order. The plaintiffs state "there is no evidence of any harm or urgency." If that were the test to be applied to the enforcement of zoning codes, they all might just as well be repealed.
 CONCLUSION
1. Judgment may enter for the defendants on the complaint.
 2. Judgment may enter for the defendants on their counter claim and they are granted:
 a. an injunction enjoining and restraining the plaintiffs, their agents, servants and employees from operating or permitting the operation of outdoor vendors at the Property and at 560 and 580 Ella T. Grasso Boulevard, New Haven, Connecticut in violation of Section 42 of the Zoning Ordinance for the City of New Haven; and
 b. a civil penalty as provided by Section 8-12 of the Connecticut General Statutes, of One thousand five hundred dollars ($1,500.00) payable by the plaintiffs to the Treasurer of the City of New Haven for failure to comply with said order to cease and desist from allowing the operation of outdoor vendors at the property; and
 c. effective five days from the date of this filing, for violations of this injunction, the plaintiffs shall be assessed a penalty in the amount of $100.00 per day, payable to the Treasurer of the City of New Haven; and
d. the defendants are entitled to taxable costs.
Anthony V. DeMayo, J.T.R. CT Page 16914