[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
Presently before the court is the defendant's motion for summary judgment filed on April 1, 2002. The defendants are the Town of Seymour (Town) and its Board of Selectmen (Board), Scott Barton, Paul Rosenbrock, Patrick Lombardi, Lucy McConologue, John Criscuolo, David Sharkey, and Louis Debarber. The plaintiff is Frank Loda, the owner of property known as 10 Patton Avenue, Seymour, Connecticut (the property).
The background of this case is not in dispute. As part of its drainage system, the Town installed storm drains to divert rain water from other properties into a brook in the plaintiff's backyard. Once in the brook, the water flows along the side of the plaintiff's house, under Patton Avenue, and into a pond across from the plaintiff's property. Over the years, however, the water has eroded, and at times, flooded the plaintiff's property.
In 1998, the town engineer, James Galligan, developed what became known as the Park and Infrastructure Improvement Project (project). On November 19, 1998, the Town, by referendum, appropriated $570,000 towards the project; part of the money was to go towards correcting the drainage problem on the plaintiff's property. Before work began, however, James Barton, the Town's newly elected First Selectman, asked Galligan to inspect the plaintiff's property to determine the cause of the flooding and eroding. Galligan later inspected the property and concluded that the drainage problems were not caused by the Town, but rather, were the result of the natural contour of the land behind the plaintiff's property.
On September 21, 2001, the plaintiff filed this five count amended complaint. The first count of the complaint seeks a writ of mandamus ordering the Town to commence the work on the plaintiff's property. The second count alleges that the Town's drainage system caused a trespass by flooding and eroding the plaintiff's property. The third count alleges CT Page 15851 that the Town's drainage system caused a private nuisance by flooding and eroding the plaintiff's property. The fourth count alleges that the Town violated General Statutes § 13a-138 by failing to divert the water in the least harmful manner. Finally, the fifth count alleges that the Town has taken the plaintiff's property without just compensation in violation of the fifth and fourteenth amendments of the federal and state constitutions.
The defendants now move for summary judgment as to all five counts of the plaintiff's amended complaint. The defendants filed both a memorandum of law in support of their motion and a reply memorandum. Attached to the defendants' memoranda are an affidavit of Galligan, and certified results of the referendum. The plaintiff filed a memorandum of law in opposition to the Town's motion. Attached to the plaintiff's memorandum is his own affidavit.[1]
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries,Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489
(2002). "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Id. "Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419,424, 727 A.2d 1276 (1999).
 I
As to the plaintiff's first count, in which he seeks a mandamus, the defendants move for summary judgment on the ground that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter law because Barton has discretion as to whether to CT Page 15852 pursue the project, and thus, the plaintiff has no legal right to have the work done on his property. The defendants also argue that the plaintiff has no legal right to have the work done because the referendum did not specify a date by which the work was to commence. Finally, the defendants contend that the plaintiff is not entitled to pursue a mandamus because he had an adequate remedy at law in that he could have paid for the improvements himself.
"A party seeking a writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law. . . . Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. . . . In the exercise of that discretion, special caution is warranted where the use of public funds is involved and a burden may be unlawfully placed on the taxpayers. . . ." (Citations omitted; internal quotation marks omitted.) Hennessey v. Bridgeport, 213 Conn. 656, 659-60, 569 A.2d 1122
(1990). "It is well settled that a court may not entertain a mandamus action if the plaintiff has an adequate remedy at law." Dept. ofUtilities v. Carothers, 28 Conn. App. 674, 678, 613 A.2d 316 (1992).
"Mandamus is an extraordinary remedy, available in limited circumstances for limited, purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. 17, 19-20, 529 A.2d 1297 (1987)." (Internal quotation marks omitted.)Miles v. Foley, 253 Conn. 381, 391, 752 A.2d 503 (2000).
The Appellate Court offers the following explanation of the first and second elements: "`[M]andamus is . . . designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance. . . .' Gelinas v. West Hartford, 225 Conn. 575, 586,626 A.2d 259 (1993). . . . It, therefore, cannot be invoked to enforce a discretionary act. Hennessey v. Bridgeport, 213 Conn. 656, 659,569 A.2d 1122 (1990). `Mandamus neither gives nor defines rights which one does not already have. . . . It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right.' Sterner v. Saugatuck Harbor Yacht Club,Inc., 188 Conn. 531, 533-34, 450 A.2d 369 (1982). The plaintiff in an CT Page 15853 action for a writ of mandamus bears the burden of proving the `deprivation of a "clear legal right"' that warrants the imposition of such an extraordinary remedy. Light v. Board of Education, 170 Conn. 35,38, 364 A.2d 229 (1975)." (Citations omitted.) Honan v. Greene,37 Conn. App. 137, 143, 655 A.2d 274 (1995).
The defendants here have not met their burden for summary judgment because they do not show that no issue of fact exists as to whether the defendants had discretion to complete the project. Specifically, the defendants have not provided this court with the relevant sections of the Town charter, which according to the defendants, demonstrate that Barton has such discretion. Thus, the court cannot determine whether the defendants are entitled to judgment as a matter of law.
The defendants also cite to the case of Sciortino v. Trumbull, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344014 (November 23, 1999, Nadeau, J.), aff'd, 61 Conn. App. 905, 763 A.2d 1095, cert. denied, 255 Conn. 939, 767 A.2d 1213 (2001), for the proposition that the plaintiff does not have a legal right to have the work done as the referendum did not specify a date by which the work was to begin. In that case, the plaintiff entered into two separate contracts with the Town to have improvements made to a local road. Id. Each party agreed to tender its proportionate share to the project, however, the Town never improved the road and the plaintiff eventually brought suit seeking a writ of mandamus. Id. The court denied the plaintiff's request for a writ on the ground that the plaintiff did not have a legal right to improvements because the contracts did not specify a date by which the improvements were to be completed. Id.
However, Sciortino v. Trumbull is distinguishable from the present case. In the present case, the plaintiff and the Town did not enter into a contract for the improvements to the plaintiff's property; the plaintiff here, unlike the plaintiff in Sciortino, did not have the opportunity to negotiate as to when the project would have to be completed. Instead, the board submitted a proposal to the registered voters of the Town. Thus, if the court were to apply the holding ofSciortino v. Trumbull to the facts of this case, the Town could essentially refuse to do the work on the property, despite the results of the referendum, merely because it failed to include a completion date in its proposal. Accordingly, the absence of a completion date in the proposal does not, in and of itself, grant the board the authority to refuse to do the work on the plaintiff's property.
Finally, the mere fact that the plaintiff may pay for the improvements himself is not an adequate remedy. In this context, "[a]n adequate remedy CT Page 15854 is one that enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance. State v. Erickson, 104 Conn. 542,549, 133 A. 683 (1926)." (Internal quotation marks omitted.) Vartuli v.Sotire, 192 Conn. 353, 366, 472 A.2d 336 (1984). Payment by the plaintiff would not enforce the performance of a duty by the Town. Accordingly, the court denies the defendants' motion for summary judgment as to count one of the plaintiff's amended complaint.
 II
As to count two, the defendants move for summary judgment on the ground that the facts and law do not support the plaintiff's action for trespass and that the action is barred by the applicable statute of limitations. Specifically, the defendants argue that Galligan's inspection of the plaintiff's property shows that the Town did not contribute to the drainage problems on the plaintiff's property. Thus, no question of facts exists as to this material issue. The defendants also argue that the plaintiff did not have exclusive possession over his land as he allowed private landowners to drain their rain water over his property. Moreover, the defendants maintain that the plaintiff has known about the drainage problems since 1979, and thus, the action is barred by the three year statute of limitations. The plaintiff did not brief the issue of trespass.
The essential elements of a trespass action are: "(1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury."Abington Ltd. Partnership v. Talcott Mountain Science Center,43 Conn. Sup. 424, 427, 657 A.2d 732 (1994). "A trespass on real estate is the doing of a direct injury to property by force."[2] Lake GardaImprovement Assn. v. Battistoni, 160 Conn. 503, 516, 280 A.2d 877
(1971).
The defendants' motion for summary judgment is granted as the only evidence before the court on this issue demonstrates that the Town did not intrude upon the plaintiff's property. After inspecting the property, Galligan, in a signed affidavit, avers: "The existing storm water drainage system does not increase the flow or quantity of water draining across the plaintiff's property." (Galligan Affidavit, ¶ 7.) He further avers: "Without the roads or storm water drainage system, the water upland from the plaintiff's property would continue to naturally flow across the back and side of the plaintiff's property in the same way as it presently flows." (Galligan Affidavit, ¶ 10.) The plaintiff CT Page 15855 does not present the court with any documentation to counter Galligan's conclusion.[3] In this circumstance, the court need not decide whether questions of fact exist as to the issue of whether the plaintiff had exclusive possession of his property or whether plaintiff's action is barred by the applicable statute of limitations.
 III
As to the third count, the defendants move for summary judgment on the ground that the facts and law do not support the plaintiff's action for nuisance and that the action is barred by the applicable stature of limitations. The defendants argue that the evidence shows that their actions did not cause the flooding and erosion on the plaintiff's property. Furthermore, the defendants maintain that the danger is not a continuing one as the plaintiff's property only floods and erodes when it rains. The defendants also argue that their use of the plaintiff's land is not unreasonable as the drainage system was in place when the plaintiff bought his property. Moreover, the defendants argue that the plaintiff cannot show any damages as his property is in the same condition as when he bought it. Finally, the defendants maintain that the plaintiff has had notice of this problem since 1979, and therefore, this action is barred by the applicable statute of limitations.
The plaintiff counters that the defendants' motion should be denied as Galligan's conclusion is flawed in that: he only did a cursory inspection of the plaintiff's property; he had never been on the property when it was flooded; and he did not have any knowledge of Town authorized subdivisions built ten years earlier. Furthermore, the plaintiff argues that the flooding and eroding occurs every time it rains, and therefore, the statute of limitations has not run.
"[I]n order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property." Pestey v. Cushman, 259 Conn. 345,361, 788 A.2d 496 (2002). At common law, a nuisance claim against a municipality must also show that the condition alleged to be the nuisance was created by some positive act of the municipality. See, e.g., Keeneyv. Old Saybrook, 237 Conn. 135, 164, 676 A.2d 795 (1996). The Town's "failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." (Internal quotation marks omitted.) Id.
The defendants' motion for summary judgment is granted as to this count because the evidence before the court demonstrates that there is no CT Page 15856 question of fact that the Town's actions did not cause damage to the plaintiff's property. As explained, Galligan concluded that neither the roads nor the storm water drainage system increased the flow of water over the plaintiff's property. (Galligan's Affidavit, ¶¶ 7, 10.) Moreover, the plaintiff does not present the court with any documentation to counter Galligan's conclusion. In this circumstance, the court need not address the defendants' other arguments regarding this cause of action.
 IV
As to the plaintiff's fourth count, the defendants move for summary judgment on the ground that the facts and law do not support the plaintiff's cause of action under General Statutes § 13-138 (a) and that the action is barred by the applicable statute of limitations. The defendants argue that the Town is draining the storm water in the least harmful way and that the action is untimely because the plaintiff has known of the drainage problem since 1979.
The plaintiff counters that the defendants do not present any written documentation that demonstrates that they are draining the water in the least damaging way. Furthermore, the plaintiff argues that the applicable statute of limitations has not run as the limitations period begins anew each time it rains.
Section 13-138 (a) provides: "Persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land."
The defendants' motion for summary judgment is granted as to this count because the evidence demonstrates that the Town has not caused any damage to the plaintiff's property. Specifically, Galligan concludes that the Town has not increased the flow of water over the plaintiff's property (Galligan's Affidavit, March 8, 2002, ¶¶ 7, 10.). The plaintiff does not present the court with any documentation to counter Galligan's conclusion.
 V
As to the plaintiff's fifth count, the defendants move for summary judgment on the ground that the facts and law do not support the CT Page 15857 plaintiff's cause of action. The defendants argue that the plaintiff's property is in the same condition as it was when the plaintiff bought it. The plaintiff counters that the defendants have not presented sufficient evidence to rebut the plaintiff's allegation of taking by inverse condemnation.
"Inverse condemnation occurs when there has been a taking, without compensation, for a public purpose, without an actual or physical appropriation of property." Citino v. Redevelopment Agency,51 Conn. App. 262, 277, 721 A.2d 1197 (1998). "A constitutional taking occurs when there is a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed." (Internal quotation marks omitted.) Tamm v. Burns, 222 Conn. 280, 284,610 A.2d 590 (1992). "It is sufficient if the use of property is severely restricted and its profitability greatly reduced as a result of the action of the government." Citino v. Redevelopment Agency, supra,51 Conn. App. 278-79.
Despite the plaintiff's argument, the defendants have presented sufficient evidence to demonstrate that the Town has not taken any portion of the plaintiff's property. After inspecting the plaintiff's land, Galligan concluded in his affidavit that the Town has not increased the flow of water over the plaintiff's property. (Galligan's Affidavit, ¶¶ 7, 10.) Furthermore, the plaintiff does not present the court with any evidence to counter Galligan's conclusion. Thus, according to the evidence before the court, the Town has not increased the flow of water over the plaintiff's property, and therefore, has not taken any portion of it. Accordingly, the defendants' motion for summary judgment as to the plaintiff's fifth count is granted because the evidence demonstrates that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law.
For the foregoing reasons, the defendants' motion for summary judgment is denied as to count one of the plaintiff's amended complaint, and granted as to counts two through five of the plaintiff's amended complaint.
The Court
By
Moran, J.