FREEDMAN, J.
 

 The plaintiffs ask this court to set aside a dismissal to allow them to amend their civil process in this matter under General Statutes § 52-72.
 
 [1]
 
 The court had previously dismissed the plaintiffs’ case since process was not served twelve days before the return day under General Statutes § 52-46.
 

 I
 

 In
 
 Concept Associates, Ltd.
 
 v.
 
 Board of Tax Review,
 
 229 Conn. 618, 642 A.2d 1186 (1994), the Supreme Court interpreted § 52-72 in a broad, expansive opinion. Affirming that the legislature “has the power to authorize, by statute, the amendment of defects in process that would otherwise deprive the court of jurisdiction”; id., 621-22; the court noted that the “statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected.” Id., 623. The purpose of § 52-72 “ ‘is to provide for amendment of otherwise incurable defects that go to the court’s jurisdiction.’ ” Id., 623. The court notes the use of the plural: “defects.”
 

 The Supreme Court also made clear that as a “remedial statute, § 52-72 must ‘be liberally construed.’ ” Id. It cited Professor Edward L. Stephenson to the effect that statutes like § 52-72 were intended to take the sharp edges off the common law. Id. “Over-technical formal requirements have ever been a problem of the common law, leading [the legislature] to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection.” 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 35, p. 137.
 

 
 *43
 
 The Supreme Court also held in
 
 Corden
 
 v.
 
 Zoning Board of Appeals,
 
 131 Conn. 654, 657-58, 41 A.2d 912 (1945), that the plaintiffs’ failure to provide a sufficient bond, which was a jurisdictional defect, could be corrected pursuant to § 52-72, even after an appeal and remand to the trial court. This was
 
 not
 
 a problem concerning the return day. It appears to fall within the ambit of “any other reason” in § 52-72.
 

 It seems clear that the Supreme Court has sent a message of liberal construction and expansive interpretation where § 52-72 is concerned, leaving some earlier interpretations of the relationship between §§ 52-46 and 52-72 highly suspect. At a minimum, a fresh look at § 52-72 is required.
 
 [2]
 

 “It is when the colors do not match, when the references in the index fail, when there is no decisive precedent, that the serious business of the judge begins.” B. Cardozo, The Nature of the Judicial Process (1921) p. 21.
 

 II
 

 As Chief Justice Peters has noted, we have a duty to read statutes contextually as well as literally. See E. Peters, “Common Law Judging In a Statutory World: An Address,” 43 U. Pitt. L. Rev. 995, 998 (1982). Statutes should be a framework within which law can develop, not a straitjacket to retard its growth. Id., 1003. Statutes are now central to judicial decision making. Today, statutes rarely are narrowly construed because they may be in derogation of the common law. More often,
 
 *44
 
 the crucial issue is to what extent a statute is a source of policy for consistent common-law development. Id., 998; see also
 
 Canton Motorcar Works, Inc.
 
 v.
 
 DiMartino,
 
 6 Conn. App. 447, 453-54, 505 A.2d 1255, cert. denied, 200 Conn. 802, 509 A.2d 516 (1986).
 

 Reading this statute contextually, the court finds that the statute provides a framework for the development of the law. Moreover, the statute provides a good source of policy for consistent common-law development, pursuant to the road map that the Supreme Court has begun to chart in
 
 Concept Associates, Ltd.
 
 v.
 
 Board of Tax Review,
 
 supra, 229 Conn. 618, and other cases.
 
 [3]
 

 Ill
 

 It is the clear policy of modern law “to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court.”
 
 Snow
 
 v.
 
 Calise,
 
 174 Conn. 567, 574, 392 A.2d 440 (1978); see
 
 Shokite
 
 v.
 
 Perez,
 
 19 Conn. App. 203, 207, 561 A.2d 461 (1989). “Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure.
 
 Greco
 
 v.
 
 Keenan,
 
 115 Conn. 704, 705, 161 A.100 [1933].”
 
 Johnson
 
 v.
 
 Zoning Board of Appeals,
 
 166 Conn. 102, 111, 347 A.2d 53 (1979). “A trial court should make every effort to adjudicate the substantive controversy before it, and,
 
 *45
 
 where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal.”
 
 Killingly
 
 v.
 
 Connecticut Siting Council,
 
 220 Conn. 516, 522, 600 A.2d 752 (1991); see
 
 Cross
 
 v.
 
 Hudon,
 
 27 Conn. App. 729, 733, 609 A.2d 1021 (1992).
 

 Section 52-72, as interpreted by the Supreme Court in
 
 Concept Associates, Ltd.
 
 v.
 
 Board of Tax Review,
 
 supra, 229 Conn. 618, is in harmony with this judicial policy.
 

 IV
 

 The motion to dismiss was framed, and therefore decided, in terms of improper service. It alleged that service was not made twelve days before the return day. The defendants argue that
 
 service
 
 was defective because it came too late. The plaintiffs argue that the return day came too soon, and seeks to amend it. The statute, § 52-46, requires a minimum of twelve days between service and return day. The day of service and the return day are two terminals for the “space” the legislature required to be present between time of service and time of return. Statutory linkage makes the two events, two parts of the same thing, neither one more significant for our purposes than the other. An earlier service
 
 or
 
 a later return could achieve the required twelve days. Was improper service the offending factor? Service met in all respects the proper requirements of the law. Similarly, the return day, falling on a Tuesday met the requirements of the law. The offending factor was the inteiplay between the time of that proper service and the time of the proper return day. Factually, the return day was too close to service; and service was too close to the return day.
 

 The plain language of the clause “or is for any other reason defective,” in § 52-72, by logic and reason encompasses the problem set forth in this case. It strains that logic to argue that the existence of less
 
 *46
 
 than a twelve day interregnum is nothing more than a service defect not covered by the statute. The return day was too close to the service date; the service date was too close to the return day.
 

 The fact that the defendants couched the original dismissal in terms of defective service alone does not change the reality that the failure to allow twelve days between return and service is a problem that concerns the “space” between the two terminal dates, which are clearly interrelated. It is true that the return day was too close to time of service; as it is that time of service was too close to the return day.
 

 The parties’ arguments are reminiscent of the teaching of Yale’s Myres MacDougal and Harold Lasswell that legal terms proffered not as descriptive terminology but rather as absolutes with alleged predictive or prescriptive powers become inimical to rationality, since on the level of the authoritarian doctrine they pretend to compose, the legal terms are often tautologous and generally take their meaning by reference to the very judicial responses they are supposed to predict or justify. See M. MacDougal & H. Lasswell, “Legal Education and Public Policy: Professional Training In The Public Interest,” 52 Yale L.J. 203, 237-43 (1943).
 

 Words are meant to be instruments of their master; not the other way around — as literate America has long known.
 
 [4]
 

 We are obliged to read statutes in a contextual manner that attains a rational and sensible result.
 
 Concept Associates, Ltd.
 
 v.
 
 Board of Tax Review,
 
 supra, 229 Conn. 624.
 

 The Supreme Court has reminded us that we must assume that every part of a statute has meaning.
 
 Ver
 
 
 *47
 

 rastro
 
 v.
 
 Sivertsen,
 
 188 Conn. 213, 221, 448 A.2d 1344 (1982). The words “or is for any other reason defective” must have some meaning. The court finds that the situation before it is governed by § 52-72, and permits the plaintiffs to amend pursuant to that statute. Therefore the motion is granted, and the plaintiffs are given leave to amend.
 
 [5]
 

 [1]
 

 General Statutes § 52-72 provides in pertinent part:
 
 “Any court shall allow a proper amendment to civilprocess which
 
 has been made returnable to the wrong return day
 
 or is for any other reason defective . . .
 
 .’’(Emphasis added.)
 

 [2]
 

 In
 
 Concept Associates, Ltd.
 
 v.
 
 Board of Tax Review,
 
 supra, 229 Conn. 618, the Supreme Court rejected the rigidity of statutory obsolescence that had perpetuated some lower court decisions from an earlier time. The Supreme Court refused to proceed by assuming its conclusion, and instead took a fresh view of the legal landscape. Clearly, things have changed considerably since § 52-4(5 and § 52-72 were enacted.
 

 [3]
 

 The Chief Justice has also encouraged us to face, albeit carefully, the problem of statutory obsolescence, set forth with clarity by Guido Calabresi in his well received A Common Law For the Age of Statutes (1982). E. Peters, supra, 43 U. Pitt. L. Rev. 1009. Judge Calabresi (former Dean of Yale Law School, and now a judge of the United States Court of Appeals for the Second Circuit) urges that we need to determine whether a statute has outlived its usefulness, because it no longer “fits” the legal landscape. G. Calabresi, supra, 132. Surely, we at least have an obligation to revisit older decisional interpretations to determine whether adjustments are required to harmonize with a changing statutory environment.
 

 [4]
 

 Lewis Carroll, Through The Looking Glass (W.W. Norton
 
 &
 
 Co. [W. Gray Ed.] 1971) pp. 163-64.
 

 [5]
 

 Considering the original purposes of §§ 52-46 and 52-72, the court fails to see any real prejudice to the defendant flowing from the court’s decision. In this age of instant communications, the twelve day rule has lost its critical significance.