[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS (#102) AND MOTION TO DISMISS (#103)
The plaintiff, Terry Fokas, commenced an action against the defendants, James and Athina Meehan, for conversion of partnership funds and corporate assets. On January 18, 1996, the defendants filed separate motions to dismiss the plaintiff's complaint, accompanied by memoranda in support of their motions. On February 2, 1996, the plaintiff filed an objection to the defendants' motions to dismiss accompanied by a memorandum in support of his objection. The defendant also filed a motion to amend the return date on the Writ, Summons and Complaint and to add Athina Meehan as a defendant to the action.
The purpose of a motion to dismiss is to test whether, on the face of the record, the court is without jurisdiction. Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss, "properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Insufficiency of process and insufficiency of service of process are two grounds that may be asserted in a motion to dismiss. Practice Book § 143. A claim of insufficiency of process, or insufficiency of service of process is waived if it is not raised by a motion to dismiss and filed within the time provided by Practice Book § 142.
The defendant, Athina Meehan, moves to dismiss the plaintiff's action on the grounds of insufficient process and insufficient service of process, and on the ground that the plaintiff had no authority to add her as a party to the pending action.
Specifically, the defendant argues that the plaintiff violated General Statutes §§ 52-46 and 52-46a by serving her with copies of the Writ, Summons, and Amended Complaint on January 4, 1996, and returning the process to the Stamford superior court on January 12, 1996. However, the return date as specified on the Summons of record is January 20, 1995. CT Page 2864
The plaintiff argues that the defendant's motion to dismiss should be denied because he has moved by motion dated February 1, 1996, to amend the return date pursuant to General Statutes § 52-72
and § 52-128.
General Statutes § 52-46 provides: "[c]ivil process . . . returnable to the superior court [shall be served] at least twelve days . . . before such day. . . ." General Statutes § 52-46a
provides: "[p]rocess in civil actions returnable . . . to the superior court, . . . [shall be returned] to the clerk of such court at least six days before the return date."
General Statutes § 52-72a provides: "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement."
The Supreme Court recently applied § 52-72 in granting a party's motion to amend a defective return date. In ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618, 623,642 A.2d 1186 (1994), where the plaintiff erroneously specified a return date that fell on a Thursday rather than a Tuesday, the court explained that "[a]lthough there is no legislative history available, it appears that [52-72] was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected. . . . [T]his court has stated that the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction. . . . The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." (Citations omitted; internal quotation marks omitted.) The court further held that "[s]ection52-72 does not contain a provision limiting its applicability to amendments that are sought before the passage of the correct return date." Other courts have applied General Statutes § 52-72 where there is insufficient service of process under General Statutes § 52-46. Galluzzo v. Board of Tax Review, 44 Conn. Sup. 39, 43,666 A.2d 841 (1995). See also Tacke Enterprises Inc. v. Garcia,
Superior Court, Judicial District of Stamford/Norwalk at Norwalk, Docket No. 216798 (January 27, 1995, Tierney, J.,13 Conn. L. Rptr. 463) (court found that a failure to return a writ in a timely manner under § 47a-23a(a) could be corrected by an amendment of process in accordance with § 52-72 even when the original return day has passed). CT Page 2865
Thus, the plaintiff is allowed to amend the return date to comply with General Statutes §§ 52-46 and 52-46a.
The defendant's second argument for dismissing the plaintiff's action is that she was not properly cited in as a party defendant pursuant to General Statutes § 52-107 and Practice Book § 99.
General Statutes § 52-107 provides in pertinent part: "[t]he court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. . . ."
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v. American Savings Bank,182 Conn. 1, 13, 437 A.2d 822 (1980). "In the exercise of that discretion, the trial court might reasonably take into account the timeliness of the filing of the application, the possibility of prejudice to other parties, and whether the presence of the additional party will enable the court to make a complete determination of the issues." A. Secondino Sons, Inc. v.LoRicco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989).
In his motion to cite Athina Meehan as a party defendant, the plaintiff alleges that while he attempted to file a Lis Pendens on property thought to be owned by James Meenhan, he discovered that James had transferred his interest in a condominium to his wife, Athina. The plaintiff alleges that the transfer was done in order to avoid a Lis Pendens that had been filed on the property. Athina subsequently sold the condominium and upon information and belief used the proceeds to purchase a home in Greenwich, CT. The plaintiff, upon learning this information, amended his complaint and served it on Athina Meehan.
The plaintiff's motion to cite in was brought without undue delay, and a complete determination cannot be had without Athina Meehan because she is the owner of record of the property in which the plaintiff is seeking an interest. Thus, the court, at its discretion, allows Athina Meehan to be added as a party defendant.
The defendant, James Meehan, argues that the plaintiff's action should be dismissed as to him on the grounds that there is a prior action pending in New York in which the plaintiff seeks the CT Page 2866 same relief, and service of process was insufficient because the return date specified on the Writ does not fall on a Tuesday, as required by General Statutes § 52-48.
"The pendency of a prior suit of the same character, between the same parties brought to obtain the same end or object, is at common law, good cause for abatement." Department of Utilities v.Carothers, 28 Conn. App. 674, 679, 613 A.2d 316 (1992). However, "[t]he rule that the pendency of a prior action between the same parties and to the same ends is grounds for dismissal has efficacy only where the actions are pending in the same jurisdiction. The pendency of an action in one state is not a ground for abatement of a later action in another state." Sauter v. Sauter, 4 Conn. App. 581,584, 495 A.2d 1116 (1985); Babouder v. Abdennur, 41 Conn. Sup. 258,263, 566 A.2d 457 (1989); Bennell Hanover Associates v.Benedict, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 128379 (March 18, 1994, Lewis, J.); Biro v.Sidley and Austin, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132616 (July 12, 1994, Dean, J.). The court may, in the exercise of its discretion, order that the second action be stayed but "it must see that injustice is not done; and a stay should not be ordered if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit. . . ." Sauter v. Sauter, supra, 585.
Because the pending action is in New York State, the prior pending action doctrine is not applicable and may not be used as a ground for dismissing the plaintiff's action in Connecticut. The court in its discretion does not order a stay of the proceedings while the action is pending in New York State.
The defendant's second argument for dismissing the plaintiff's action is that service of process was insufficient because the return date specified on the Writ does not fall on a Tuesday, as required by General Statutes § 52-48.
General Statutes § 52-48 states, in pertinent part: "[p]rocess in civil actions . . . brought to the superior court may be made returnable on any Tuesday in any month."
The plaintiff's motion to amend the return date is granted pursuant to the holding in Concept Associates, Ltd. v. Board of TaxReview, 229 Conn. 618, 623, 642 A.2d 1186 (1994). See discussion, supra, p. 3. CT Page 2867
Accordingly, for all the foregoing reasons, the defendants' motions to dismiss is denied.
KARAZIN, JUDGE