[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This complaint in a personal injury action was filed in court on September 26, 1996 and on October 17, 1996, the defendant filed a motion to dismiss on the ground that the plaintiffs failed to return process to the court at least six days before the return date on the complaint of October 1, 1996 pursuant to General Statutes § 52-46a.
On October 25, 1996, citing General Statutes § 52-128 and Practice Book § 175, the plaintiffs filed an amendment changing the return date to October 8, 1996; additionally, on that date the plaintiffs filed an objection to the defendant's motion to dismiss.
On October 31, 1996, the defendant filed an objection to the plaintiffs' amendment of the return date on the ground that the plaintiffs' complaint contained no "defect, mistake or informality" that the plaintiffs could amend and also filed a second motion to dismiss.
On November 8, 1996, the plaintiffs filed an objection to the defendant's second motion to dismiss, claiming that the defendant, by filing the first motion to dismiss, waived the right to file a second motion to dismiss.
— I —
Practice Book § 143 provides that a motion to dismiss may be used to assert a claim of insufficiency of service of process. A motion to dismiss tests whether, on the face of the record, the court is without jurisdiction. Upson v. State, 190 Conn. 622, 624
(1983).
Under Practice Book § 175, a plaintiff may amend "any defect, mistake or informality in the writ, complaint or petition CT Page 3251 and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day."
General Statutes § 52-46a, which governs return of process, provides in pertinent part, that "[p]rocess in civil actions . . . if returnable to the superior court . . . [shall be returned] to the clerk of such court at least six days before the return day." General Statutes § 52-72 (a) provides "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement."
General Statutes § 52-128 provides "The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same."
The plaintiffs argue that they properly amended the return date to October 8, 1996 making their September 26, 1996 return of process timely.
— II —
In Bergin v. Bergin, 3 Conn. App. 566 (1985), the plaintiffs appealed from the judgment of the trial court granting a motion by the defendant administratrices to dismiss the plaintiffs' appeal from the probate court for untimely return of process. The Appellate Court addressed the issue of whether a late return of process is a circumstantial defect correctable by amendment or a substantive defect rendering the plaintiff's probate appeal voidable upon a timely motion by the defendant. In affirming the trial court's decision to dismiss, the Appellate Court reasoned that once the date of return has passed, there is nothing before the court which can be amended.
Similarly, in Arpaia v. Carrone, 18 Conn. App. 539 (1989), the Appellate Court held that the trial court erred in denying the defendants' motion to dismiss where, in a summary process action to recover certain premises leased to the defendants, the CT Page 3252 plaintiffs failed to return process to the court within three days of the return date as required by General Statutes § 47 (a)-23a.
In Danziger v. Shaknaitis, 33 Conn. App. 6 (1993), the trial court granted the defendant's motion for summary judgment on the ground that the plaintiff's complaint contained an improper return date of Wednesday, May 8, 1991, and the plaintiff did not seek to amend the defect until after the correct return date had passed (June 3, 1991). In affirming the trial court's decision to grant the defendant's motion to dismiss, the Appellate Court reasoned that once the return date has passed, there was nothing before the court that could be amended. This Appellate Court decision, however, was reversed in light of the Supreme Court's decision in Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618, 642 A.2d 1186 (1994). In that case the plaintiff's complaint in its appeal specified a return date of May 28, 1992, a Thursday, in violation of General Statutes § 25-48. The plaintiff served the appeal on the defendants on May 7, 1992 and filed the appeal with the trial court on May 14, 1992. On July 3, 1992, pursuant to General Statutes § 52-72, the plaintiff filed a motion to amend seeking permission to change the return date from May 28, 1992 to May 26, 1992. In reversing the trial court's decision to deny plaintiff's motion to amend, the Supreme Court reasoned that General Statutes § 52-72 does not contain a provision limiting its application to amendments that are sought before the correct return date passes and that § 52-72
was a remedial statute which must be liberally construed in favor of those whom the legislature intended to benefit.
Plaintiffs have cited in support of their right to amend, the superior court decision of Galluzzo v. Board of Tax Review,44 Conn. Sup. 39, which allowed the plaintiffs to amend their process to cure a failure to serve process at least twelve days before the return date. Fokas v. Meenhan, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 148911 (April 26, 1996, Karazin, J.) is to the same effect. But the majority of superior court decisions hold otherwise. SeeShelansky v. Roivisto, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 533137 (February 27, 1995, Corradino, J.). Barnett v. ZBA, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138049 (January 2, 1995, Lewis, J., 13 Conn. L. Rptr. 18) (holding that when the return date on the plaintiff's complaint is not otherwise wrong or defective, the plaintiff's untimely return of CT Page 3253 process does not create a defect in the return date); DatacomResults, Inc. v. Castro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704134 (March 21, 1996, Hennessey, J.); Shelansky v. Roivisto, supra (holding that "§ 52-72 . . . was aimed at defects in the actual process and not at defects in the service of process or failure to make proper return.").
In allowing amendments to process there appears to be a bright line between defects appearing the face of the process for which amendments are permitted and defects in the manner or time of serving the process for which amendments are not permitted.
In the present case because the return date on the plaintiffs' complaint is a Tuesday and is within two months of the date of process, the return date contains no defects which need to be amended and it is clear that the plaintiffs seek to amend the return date merely to make a late return of process timely.
— III —
The plaintiffs have objected to the defendant's filing a second motion to dismiss on the grounds that, by filing his first motion to dismiss, the defendant waived his right to file a second motion to dismiss. The second motion to dismiss is considered surplusage and its filing in no way vitiates the effectiveness of the first motion to dismiss.
Plaintiffs' motion to dismiss is granted.
Jerry Wagner Trial Judge Referee CT Page 3254