[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action was brought by the plaintiff, Kayalai Millien ("plaintiff"), against the defendants, John Restrepo ("Restrepo") and Affordable, Inc. ("Affordable, Inc."). In his complaint, the plaintiff alleges that he was injured as a result of the negligence and carelessness of the defendants.
In the first count, the plaintiff alleges that he brought his car to Affordable, Inc. for automotive repair services to be performed by Restrepo. The plaintiff alleges that as he left the premises, "suddenly and without any warning the plaintiff's . . . front left wheel tire fell off, resulting in a loss of control of the plaintiff's vehicle." The plaintiff alleges that, as a direct and proximate result of the defendant Restrepo's carelessness and negligence, he suffered personal injuries. In the second count, the plaintiff alleges that Affordable, Inc. was the employer of the defendant Restrepo and, as such, the negligence and carelessness may be imputed to the defendant Affordable, Inc.
The defendant, Restrepo, filed a motion to dismiss on the grounds that "there was insufficient service of process on the defendant and the Court lacks jurisdiction over him." The moving defendant filed a memorandum of law in support of his motion, as CT Page 14363 well as a supporting affidavit. The plaintiff filed an objection to the defendant's motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upjohn v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983); Johnsonv. Department of Public Health, 48 Conn. App. 102, 107 (1998).
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizkav. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985), citing Practice Book § 143, now Practice Book (1998 Rev.) § 10-31.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over theperson." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). But see Galluzzo v. Board of Tax Review,44 Conn. Sup. 39, 666 A.2d 841 (1995, S. Freedman, J.). "One who is not served with process does not have the status of being a party to the proceeding . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. Earth GardenFlorist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057 (1992).
In this action, service was made on the defendant, Restrepo, by leaving a copy of the writ, summons and complaint with the Commissioner of Motor Vehicles, pursuant to General Statutes § 52-63. Afterwards, the sheriff mailed a copy to the defendant at 191 Main Street in Norwalk. The moving defendant argues that service pursuant to § 52-63 was improper, and neither in-hand service nor abode service were made on the defendant. As such, the defendant argues, no effective service was made and the court lacks jurisdiction over him.
General Statutes § 52-63 allows service to be made upon CT Page 14364 the commissioner of motor vehicles for an operator of a motor vehicle for a "claim for damages resulting from the operation of any motor vehicle." Nothing in the plaintiff's complaint alleges that the plaintiff's injuries were a result of the defendants' negligent operation of a motor vehicle. Therefore, § 52-63
does not apply. See Portela v. Viera, Superior Court, judicial district of Waterbury, Docket No. 104807 (Mar. 11, 1992, Meadow,J.) (motion to dismiss granted because service cannot be made pursuant to § 52-63 when the alleged negligence was not the result of the operation of a motor vehicle).
The moving defendant further argues that neither in-hand service nor abode service was made upon him. General Statutes § 52-54 provides, in pertinent part, that "[t]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode." Here, neither was done by the sheriff. The sheriff did not make in-hand service and no copy was left at the abode of the defendant. The sheriff's return indicates that a copy was mailed to 191 Main Street in Norwalk. This, however, was not the defendant's abode. An affidavit to this affect is attached to the motion to dismiss.
"Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue." (Internal quotation marks omitted.) Savvidis Realty v. CumberlandFarms, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 151434 (Apr. 29, 1998, D'Andrea, J.) (motion to dismiss granted because "the court may conclude that the defendant indeed did not reside where abode service was attempted to be made upon him."). The affidavit attached to the defendant's motion to dismiss indicates that the defendant, Restrepo, did not reside at 191 Main Street and, in fact, there were no residential dwellings located at that address. This is not contested.
Since service cannot be made pursuant to General Statutes § 52-63, and neither in-hand nor abode service was made, service upon the defendant, Restrepo, was not properly effectuated. As such, this court lacks jurisdiction over him, and the motion to dismiss is hereby granted.
D'ANDREA, J. CT Page 14365