[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER (#105)
After hearing held on defendant's motion to dismiss, it is Ordered that the motion be and is hereby Denied, for the following reason:
The plaintiff, pursuant to Sec. 52-72, Conn. Gen. Stat., has filed a motion to amend the return day (#107) in order to correct any defect in the service of process. That motion and the defendant's objection (#108) thereto are not before the court at this time. Relying on the rationale set forth in Galluzzo v.Board of Tax Review, 44 Conn. Sup. 39 (1995), this court, were such motion and objection before it, would grant the former and overrule the latter, thereby curing the claimed defect. Those rulings would be consistent with fulfillment of a trial court's duty to decide procedural issues, where practicable, so as not to preclude adjudication of substantive controversy on its merits.Killingly v. Connecticut Siting Council, 220 Conn. 516, 522
(1991). Expressed otherwise, "(o)ur practice does not favor the termination of proceedings without a determination of the merits of the controversy when that can be brought about with due regard to necessary rules of procedure." Johnson v. Zoning Board ofAppeals, 166 Conn. 102, 111 (1974); Killingly v. Wells,
CT Page 1410518 Conn. App. 508, 515 (1989).
This order is entered without prejudice to the defendant and is predicated on the plaintiff pursuing her motion to amend to a successful conclusion. If the plaintiff is unsuccessful therein, this court would re-consider the instant ruling were the defendant to file an appropriate motion to vacate the order.
Gaffney, J.